## Case No. 8,327.

### LEWIS et al. v. MARSHALL et al.

[1 McLean, 16.] [1]

Circuit Court, D. Kentucky. May Term, 1829. [2]

PARTIES—JOINDER OF DEFENDANTS — STATUTE OF LIMITATIONS IN EQUITY—ADVERSE POSSESSION.

1. Under the statute of Kentucky, passed 1796, several defendants may be joined in the same action, although they hold separate parcels of land, under different titles.

2. In equity the statute of limitations is regarded the same as at law.

[Cited in Schultz v. Board of Com'rs of Cass Co., 95 Ind. 324.]

3. Heirs must bring their action, under the statute, within ten years after the decease of their ancestor, if at the time of the decease, there be adverse possession.

[See note at end of case.]

4. Statutes of limitations, when judiciously enacted, are properly called "statutes of repose."

[This was a bill in equity by Josiah Lewis and others against Humphrey Marshall and others.]

Mr. Wickliffe, for complainants.
Mr. Haggin, for defendants.

OPINION OF THE COURT. This suit in chancery is brought to obtain a decree for a divestiture of the legal title to 32,000 acres of land, situated near the Lower Blue Licks, from the respondents, on the ground that the complainants have the superior equitable title. The complainants claim under an entry made by Charles Willing, the 27th December, 1783, which was amended the 11th and 12th March, 1784, for 32,000 acres of

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [Affirmed in part and reversed in part in 5 Pet. (30 U. S.) 470.]

land, on certain treasury warrants, beginning 1280 poles south west of the Lower Blue Licks, &c., which entry was carried into grant, &c. And the complainants state that by virtue of a void entry, Thomas Barbour obtained the elder legal title for a part of the same land, of which the defendants are in possession under him. In their answer the respondents insist that Willing's entry is void, and claims other than Barbour's are asserted under which the respondents, except Marshall and Fowler, settled. Marshall sets up an entry in the name of Isaac Halbert for 12,311 acres of prior date to that of Willing's; and he also states that he purchased an interest in Barbour's patent from Fowler, and afterwards conveyed to his corespondents. The respondents rely on an adverse possession of twenty years, before the commencement of the suit. Several of the defendants claim distinct parcels of land under different titles; but this being authorized by the statute of Kentucky, passed in 1796, no objection is made to their being joined in the action.

The statute of limitations set up by the defendants provides, that if any person or persons entitled to such writ or writs or such title of entry as aforesaid, shall be or were under the age of twenty-one years, feme covert, or non compos mentis, imprisoned or not within the commonwealth at the time such right or title accrued or coming to them, every such person, his or her heirs shall and may, notwithstanding the said twenty years are, or shall be, expired, bring or maintain his action, or make his entry within ten years next after such disabilities removed or death of the person so disabled and not afterwards. The complainants claim as the heirs of Willing who was not a resident of Kentucky, nor is it suggested that he was ever within the state subsequent to the possession of the land by the respondents. The statute, therefore, could not bar Willing if he were living and had filed this bill; but his heirs must bring themselves within the statute by prosecuting their action within ten years from the death of their ancestor, if at that time there was adverse possession. Although there is contradictory evidence on the subject, the decease of Willing is satisfactorily proved to have taken place in 1798. It is a well established rule that effect will be given to the statute of limitations, in equity as well as at law. And the proof is clear that adverse possession has been held by the defendants, not only ten years since the decease of Willing, but more than twenty years. Statutes of limitations, when judiciously enacted, are very properly denominated statutes of repose. They impose vigilance on claimants, and give certainty to the bona fide occupant who, for a series of years, has been in possession of land claimed to be his own. Bill dismissed.

[NOTE. From the decree of this court an appeal was prosecuted by the complainants to the supreme court. After hearing the evidence, Mr. Justice McLean, delivering the opinion of the court, reached the conclusion that the testimony clearly showed an adverse possession by the defendants and those under whom they claimed, with the exception of Marshall, for more than 20 years. It further appeared that the adverse possession commenced prior to the decease of Charles Willing, and consequently his heirs, the complainants, were limited to 10 years from that time for the prosecution of their claims. The view of the complainants that the statute of limitations did not run against their title until the defendants had acquired Barbour's title could not be supported. The defendants had entered under titles adverse, and it was of no consequence whether these titles were paramount to the complainants', in equity or at law. It was sufficient if they were adverse; and, if the statute of limitations had run before the commencement of this suit, no relief could be given. John Foster, one of the defendants, though served with process, had not answered the bill, and no decree pro confesso was entered against him in the circuit court. Humphrey Marshall, another defendant, set up adverse possession specifically in himself. In accordance with the views above stated, the court affirmed the decree appealed from as to all the respondents except Marshall and Fowler. As to Marshall, the extent of the interference of his claim with Willing's entry not appearing from the proof in the case, the decision of the circuit court was reversed, and the cause remanded for further proceeding. The cause as to Fowler was likewise sent down to the lower court with the direction to take further proceedings. 5 Pet. (30 U. S.) 470.]