No. 10,145.

MATHESIE v. BOARD OF COMMISSIONERS OF KNOX COUNTY.

STATUTE OF LIMITATIONS.—*Board of County Commissioners.—County Treasurer.*—The statutory bar of six years operates upon the claim of a county treasurer made before a board of county commissioners for fees for the collection of delinquent taxes due him and not allowed at the proper time of settlement.

From the Knox Circuit Court.

*O. F. Baker*, for appellant.

*C. M. Wetzel*, for appellee.

NIBLACK, J.—At the March term, 1881, of the board of commissioners of Knox county, Charles G. Mathesie, a former county treasurer, filed a claim against that county for an additional compensation for the collection of certain delinquent taxes collected by him during his term of office.

The board refused to allow his claim, and he appealed to the circuit court, where the commissioners answered, among other things, the six years' statute of limitations, and where a special finding of the facts was made as follows:

"1. That the plaintiff was the treasurer of Knox county from the 11th day of November, 1870, to the 11th day of November, 1874.

"2. That the plaintiff, as such treasurer, between the 8th day of March, 1873, and the third Monday in April, of that year, collected of the delinquent taxes extended on the tax duplicate then in his hands, the sum of ten thousand dollars, all of which was paid voluntarily and without levy or sale, by the persons owing such taxes.

"3. That on the 15th day of May, 1873, the plaintiff, as such treasurer, settled with the auditor of Knox county for the current and delinquent taxes charged on said duplicate, and the whole amount of taxes collected upon such duplicate up to the third Monday in April, 1873, including the sum of ten thousand dollars of delinquent taxes collected by him as

above stated, and upon such settlement he charged and re-tained as his fees, for the collection of said delinquent taxes, a commission of one per cent., amounting to the aggregate sum of one hundred dollars, and no more, and thereafter duly ac-counted for and paid over the residue of said delinquent taxes.

" 4. That the plaintiff, as such treasurer, on the 15th day of December, 1873, received from the auditor of Knox county the tax duplicate of said county for the year 1873, and be-tween that day and the third Monday in April, 1874, collected of the delinquent taxes charged on said duplicate the sum of eight thousand six hundred and twenty-nine dollars and four cents, all of which was paid voluntarily and without levy or sale by the persons owing such taxes.

" 5. That on the 15th day of May, 1874, the plaintiff, as such treasurer, made a settlement with the auditor on account of taxes, current and delinquent, charged on the tax duplicate for the year 1873, and the whole amount of taxes collected upon said duplicate up to the third Monday in April, 1874, including the delinquent taxes collected as lastly above stated, and upon such settlement charged and retained for his fees for collecting said delinquent taxes a commission of one per cent., amounting in all to the sum of eighty-six dollars and twenty-nine cents, and no more, and thereafter accounted for and paid over the residue of such delinquent taxes.

" 6. That a commission of one per cent., as herein above stated, is all the compensation which the plaintiff has ever, either directly or indirectly, received for collecting and paying over said delinquent taxes during the years 1873 and 1874.

" 7. That this action was commenced on the 7th day of March, 1881, by the filing of a claim by the plaintiff with and before the board of commissioners of Knox county, for an additional sum of four per cent. for collecting such de-linquent taxes."

Upon these facts the court reached the following legal con-clusions:

" 1. That, under the act for the assessment and collection of

taxes, approved December 21st, 1872, and an act fixing the fees of county treasurers, approved March 8th, 1873, the plaintiff, as such treasurer of Knox county, became and was entitled to charge and receive a commission of five per cent. on all the delinquent taxes collected and accounted for by him during the years of 1873 and 1874, as hereinabove stated.

" 2. That the plaintiff's right to recover the additional four per cent., not retained by him out of the said delinquent taxes so collected by him, was wholly barred by that clause of the statute of limitations not permitting certain actions to be maintained after the expiration of six years.

" 3. That, consequently, the plaintiff was not entitled to recover in this action."

The court thereupon rendered final judgment for the defendant. The plaintiff has appealed and assigned error upon the second and third conclusions of law arrived at as above by the court.

The appellant argues that the claim filed in this case was, in legal contemplation, but an application under sections 177, 178 and 179 of the act of December 21st, 1872, *supra*, 1 R. S. 1876, p. 116, for the refunding of money erroneously accounted for and paid over by him while treasurer, and hence a special proceeding to which the statute of limitations could not be properly pleaded.

We are unable to adopt the construction for which the appellant thus contends.

The claim in this case was simply a claim for services rendered the county in the collection of certain taxes for which the appellant did not receive full compensation at his annual settlements in the years 1873 and 1874 respectively, and the proceedings had upon it, both before the commissioners and in the circuit court, had all the essential characteristics of an ordinary action at law.

We are, therefore, unable to recall anything, whether resting on principle or recognized in practice, which would justify

us in holding that the statute of limitations was not well pleaded in this case.

As at present advised, we know of no reason why the statute of limitations might not be pleaded in bar of an application for the refunding of money erroneously paid over and accounted for by county treasurers, when made under sections 177 and 178, *supra*.

With these views as to the law governing this case, the judgment below will have to be affirmed.

The judgment below is affirmed, with costs.