Filed May 10, 1884.

---

No. 11,321.

SCHULTZ v. THE BOARD OF COMMISSIONERS OF CASS COUNTY.

STATUTE OF LIMITATIONS.—*Overpayment by County Treasurer.*—*Limitation of Six Years.*—The six years statute of limitations is a good defence, in bar, to an action by a former county treasurer, against the board of commissioners, on account, for money overpaid by him as treasurer, through mistake.

SAME.—*When Statute Begins to Run.*—The statute begins to run in such case from the date of the mistaken overpayment, and not from the discovery thereof.

From the Cass Circuit Court.

*Q. A. Myers* and *M. Winfield,* for appellant.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellee.

ELLIOTT, J.—The claim of the appellant is·set forth in various forms in his complaint, but it is evident that, although stated in different forms, there is only one claim, and that is for money overpaid by him as county treasurer.

It is quite clear that as to those paragraphs of the complaint which state an ordinary claim not evidenced by a writing, the plea of the six years statute of limitations is a complete bar. It is not necessary to cite authorities in support of the proposition that the statute may be pleaded by any one against whom an ordinary claim, not evidenced by a written instrument, is urged.

It is, however, contended that some of the paragraphs of the complaint show that the money was paid under a mistake and that the statute only begins to run from the time of the discovery of the error. This position can not be maintained. It is true that suits to correct mistakes are not ordinary actions at law, but are matters of equitable cognizance. This, however, proves nothing in support of the appellant's position, even upon the concession that this is simply a suit to correct a mistake, for it is perfectly settled that equity follows the law, and that, in obedience to this principle, courts of chancery enforce statutes of limitations except in peculiar cases of fraud or the like. *Lewis* v. *Marshall,* 1 McLean, 16 ; *Bank* v. *Daniel,* 12 Peters, 32 ; *Lansing* v. *Starr,* 2 Johns. Ch. 150 ; *McCrea* v. *Purmort,* 16 Wend. 460 ; *Sugar River Bank* v. *Fairbank,* 49 N. H. 131. This general principle was applied in the case of *Bank* v. *Daniel, supra,* to an overpayment of money by mistake, the court holding that the cause

of action accrued at the time of the overpayment, and that consequently the statute began to run from that time. There may, perhaps, be cases of peculiar hardship, where courts of equity would not allow the bar of the statute to be interposed, but this certainly is not one of them, for here the treasurer, of all persons in the world, ought to have had full knowledge of the duties of his office, and of the condition of the county finances. If he was ignorant, he can blame no one but himself, and surely can not justly claim that the county, or any one else, deceived or overreached him. No one was in a better situation to become acquainted with all the facts than he, and if he suffered the statute to run the fault was his own. Sound policy requires that county officers should promptly press claims for money alleged to have been overpaid by mistake, and elementary principles require the came conclusion.

A plaintiff's ignorance of the existence of a cause of action does not, as a general rule, prevent the statute from running. This is so even in cases where there is bad faith on the part of the defendant, and, for a much stronger reason, is so where there is a mutual mistake. *Ware* v. *State, ex rel.,* 74 Ind. 181.

In view of the general principles to which we have referred, we feel not the slightest doubt of the soundness of the decision in *Mathesie* v. *Board, etc.,* 82 Ind. 172. That case really rules the present, although a somewhat different line of reasoning was there pursued.

The case to which we have referred answers, and to our minds very satisfactorily answers, the argument of counsel that the act of December 21st, 1879, gives a cause of action for money overpaid by a county treasurer irrespective of the statute of limitations. A statute giving a right of action in general terms can not be regarded as annulling the statute of limitations. Judgment affirmed.

Filed March 29, 1884. Petition for a rehearing overruled May 7, 1884.