INDEPENDENT SCHOOL DISTRICT OF UNION IN INDIANA TOWNSHIP, Appellee, v. INDEPENDENT SCHOOL DISTRICT OF UNION IN WASHINGTON TOWNSHIP, Appellant.

School District: MONEY HAD AND RECEIVED: LIMITATION OF RECOVERY. An action by one independent district against another to recover money collected as taxes on property in plaintiff district and erroneously paid by the county treasurer to defendant is one for money had and received, and the statute of limitations will commence to run at the time of payment and not from discovery of the mistake.

*Appeal from Marion District Court.*—Hon. J. D. Gamble, Judge.

Thursday, April 7, 1904.

Action at law to recover moneys belonging, as alleged, to plaintiff district, and erroneously paid by the county treasurer of Marion county to the defendant district. There was a judgment in favor of plaintiff, and the defendant appeals. —Reversed.

*Kinkead & Mentzer* for appellant.

*Hays & Amos, S. C. Johnston,* and *O. P. Johnston* for appellee.

Bishop, J.—The appellant district is situated wholly in Washington township, Marion county, and the appellee district is situated partly in said township and partly in Indiana township, said county. It appears that beginning with the year 1872, and extending down to and including the year 1901, the successive county treasurers erroneously credited and paid over to the appellant district all moneys paid in as taxes on property situated in that portion of the appellee district embraced within the limits of Washington township. This suit is brought to recover the amounts so paid during the years 1872 to 1896, inclusive, the amounts paid subsequent to the latter year having been accounted for or adjusted. The defendant does not question the right of the plaintiff to sue. The defense made is simply that the claim is barred by the statute of limitations. Upon the trial it was shown that while the officers of the plaintiff district knew that the amounts of money provided for by levy were not being realized, still they do not seem to have ever carried an investigation far enough to ascertain the cause. There is no direct evidence on the subject but it may be inferred on the other hand that the officers of the defendant district knew that it was receiving more money than was called for by the levies made. As to them it is not suggested, however, that they had any knowledge as to the na-

ture or character of the error. The trial court adopted the theory that the gist of the action was mistake, and instructed the jury that, in view of the issues and facts shown as above stated, the case came within the provisions of Section 3448 of the Code, and that, accordingly, the limitation period did not commence to run until the mistake was actually discovered. This was error. As we think, the action must be regarded as one brought to recover moneys had and received. True, an error on the part of the county treasurer resulted in the one district receiving each year less money than it was entitled to, while the other district received more than it had provided for by levy. But the fact of such mistake is a mere incident to the cause of action as brought by plaintiff. It serves to explain how it came about that the moneys now sought to be recovered reached the hands of the defendant district. The action, therefore, is not grounded upon the mistake alleged, but rather upon the fact that the defendant district has in its possession a sum of money which it is asserted belongs of right to the plaintiff. Were this an action against the county treasurer, the limitation period would certainly commence to run at the time the money should have been paid over under the statute by such treasurer. And if the action was by the county treasurer to recover from the defendant moneys erroneously paid to it by him in excess of the amount to which it was entitled, it is equally clear that the statute would commence to run from the date of overpayment, and not from the time such overpayment was discovered. *Jones v. School District,* 26 Kan., 490; *Schultz v. Cass County,* 95 Ind., 323; *Sturgis v. Preston,* 134 Mass., 372. It is manifest, to our minds, that the plaintiff district could have no greater rights by bringing its action against the defendant district direct than would obtain had it brought suit directly against the treasurer, or than the treasurer would have if the suit had been brought by him. We conclude that the period of limitation commenced to run as to each payment made by the county treasurer to the defendant at the time of such payment.

It follows that the judgment must be and it is REVERSED.