## CITY OF INDIANAPOLIS *v.* MARTIN.

[No. 6,807. Filed November 5, 1909. Rehearing denied January 28, 1910.]

1. MUNICIPAL CORPORATIONS.—*Ordinances.—Repeal by Implication.* —The repeal by implication of one city ordinance by another is effected only where the repugnancy between such ordinances is so clear that they cannot be reconciled. p. 257.

2. MUNICIPAL CORPORATIONS.— *Ordinances.— Repeal.— City Hospitals.—Superintendents.—Salaries.—*An ordinance creating the office of superintendent of the city hospital for contagious diseases, and fixing the salary of such superintendent, is not repealed by an ordinance whose title relates to certain offices and whose subject-matter is not the same as that of the former. p. 257.

3. MUNICIPAL CORPORATIONS.—*Superintendent of Contagious Hospital.—Salary.—Failure to Appropriate for.—Contracts.—*The city's failure to appropriate money for the payment of the salary of the superintendent of its hospital for contagious diseases does not prevent his recovery thereof on the ground that an ordinance provides that "no executive department, officer or employe thereof shall have the power to bind such city to any contract, agreement, or in any other way" beyond the money appropriated for such purpose, since such salary does not rest on a contract. p. 257.

From Superior Court of Marion County (70,605) ; *James M. Leathers,* Judge.

Action by Paul F. Martin against the City of Indianapolis. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. E. Matson* and *C. D. Bowen,* for appellant.

*Charles O. Roemler* and *Harry O. Chamberlain,* for appelle.

ROBY, P. J.—This is an action by appellee to recover salary for 1903, 1904 and 1905 for services as physician for a hospital for contagious diseases maintained by the city of Indianapolis. Judgment was rendered for $1,017.81. The claim is based upon an ordinance of July 7, 1873, which provides that the management of said institution shall be vested in the board of directors of the city hospital, who shall place

the hospital in the charge of a skilful and competent physician, being the same as that by them chosen as superintendent of the city hospital, and that such physician shall receive for his services, as physician of such hospital for contagious diseases, a salary of $500 per annum, to be paid as the salaries of other city officers are paid.

The appellee brings himself within the provision of this ordinance. Appellant, however, claims that the ordinance was repealed by the fee and salary ordinance of 1904, in which the hospital for contagious diseases was not mentioned. "As repeals by implication are not favored, the repugnancy between the provisions of two statutes must be clear, and so contrary to each other that they cannot be reconciled, in order to make the latter operate as a repeal of the former. This rule is the result of a long course of decisions." *State, ex rel.,* v. *Dudley* (1853), 1 Ohio St. 437. See, also, *Chamberlain* v. *City of Evansville* (1881), 77 Ind. 542, 544; *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562. The latter ordinance is shown by its title to relate to certain offices. Its subject-matter is not the same as the ordinance of 1873, and they are therefore not inconsistent, and must both be regarded as in effect. *Carver* v. *Smith* (1883), 90 Ind. 222, 226, 46 Am. Rep. 210; *Robinson* v. *Rippey* (1887), 111 Ind. 112, 116.

The point most urgently pressed by the city is based upon a provision of the city charter then in force, in terms as follows: "No executive department, officer or employe thereof, shall have the power to bind such city to any contract, agreement, or in any other way to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such department, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations, are declared to be absolutely void." Acts 1903, p. 356.

It is claimed that the evidence fails to show an appropriation for the years named, and that whatever unexpended appropriation was made has been covered back into the treasury. The policy of restrictive laws of the nature of this one is well known. It is the basis of the county reform law (§§5932, 5933 Burns 1908, Acts 1899, p. 343, §§15, 16), and is designed to protect the public from improvident contracts and expenditures. *Turner* v. *Board, etc.* (1902), 158 Ind. 166; *Board, etc.,* v. *Mowbray* (1903), 160 Ind. 10; *Board, etc.,* v. *Pollard* (1899), 153 Ind. 371; *State, ex rel.,* v. *Parks* (1907), 169 Ind. 93; *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262; *Board, etc.,* v. *Hunter* (1903), 161 Ind. 478; *Gish* v. *Board, etc.* (1903), 31 Ind. App. 485; *Board, etc.,* v. *Babcock* (1904), 33 Ind. App. 349; *Talbott* v. *Board, etc.* (1908), 42 Ind. App. 198.

The ordinance under consideration is not inclusive, as are the statutes considered in the cases just cited. The restriction is expressly limited to the making of contracts, express or implied. The power of its officers to incur obligations in excess of the appropriation is denied. To a case coming within its terms, the authorities cited by appellant would be applicable, but the right to the salary of a public officer does not rest in contract. "A public officer is entitled to the salary provided by law, because the law attaches the salary to the office as an incident thereto, and not by force of contract." *Board, etc.,* v. *Chapman* (1899), 22 Ind. App. 60. See, also, *City of Brazil* v. *McBride* (1879), 69 Ind. 244, 256; *Hall* v. *Wisconsin* (1880), 103 U. S. 5, 26 L. Ed. 302; *City Council, etc.,* v. *Sweeney* (1871), 44 Ga. 463, 9 Am. Rep. 172; Mechem, Public Officers, §5.

The appellee is entitled to the compensation attached to the office by the ordinance of 1873, and not because of any contract, express or implied, made by any executive department officer or employe.

Judgment affirmed.