## CITY OF INDIANAPOLIS *v.* JOBES.

[No. 8,497.   Filed January 8, 1915.]

1. LIMITATION OF ACTIONS.—*Recovery of Salary Fixed by City Ordinance.*—An action by the superintendent of a hospital conducted by a city to recover salary due him for services pursuant to an ordinance fixing his salary at a certain sum per annum, is for the recovery of an official salary definitely fixed by law, and is therefore not governed by the statute of limitations applicable in actions for the recovery of debts arising on contract.   p. 517.

From Superior Court of Marion County (79,650) ; *Charles J. Orbison,* Judge.

Action by Norman E. Jobes against the City of Indianapolis.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Joseph B. Kealing, Merle N. A. Walker* and *Newton J. McGuire,* for appellant.

*Francis M. Springer,* for appellee.

IBACH, J.—This action was brought by appellee against appellant to recover for services rendered by him for appellant as physician in its hospital for contagious diseases. By his first paragraph of complaint he seeks to recover for such services for a period of time from November 1, 1901, to November 1, 1903.   In the second paragraph he avers that similar services were rendered by him for appellant from January 1, 1906, to July 15, 1907.   The third paragraph contains the same averments set up in the first and second, in substance, and in addition thereto alleges that he demanded payment of his claim through the mayor of appellant, who requested appellee to refrain from bringing his suit until a similar suit brought by another party had been terminated in the courts, and promised that if such party was successful in his suit, that appellant would then promptly pay the amounts claimed by appellee.   It is also averred in this paragraph that appellant through its mayor agreed that if appellee would so refrain from bringing his

suit until the suit of Martin against appellant would be determined, and if the time consumed in reaching the determination of that case would take appellee's claim out of the statute of limitations, that the city would not set up such statute as a defense to his claim.

Appellant first moved the court to strike out from the third paragraph of the complaint all that part thereof concerning the promises and agreements made by its mayor, for the reason that they could not in any way excuse laches on the part of appellee and could not operate as a waiver on the part of the city of its right to claim its proper defense. This motion was overruled. Separate demurrers were filed to the first and third paragraphs of the complaint which were overruled. Issues of fact were joined by a denial of the first and second paragraphs of complaint, and a further answer to the first and third paragraphs, wherein the six-year statute of limitations was pleaded. There was trial by the court, and judgment rendered for appellee in the sum of $2,450.67.

A demand in all respects similar to that part of appellee's claim covered by his second paragraph of complaint has been fully determined by this court, so that we need not further consider that portion of appellee's case, as it must be held to have been established. *City of Indianapolis* v. *Martin* (1910), 45 Ind. App. 256, 89 N. E. 599.

The other proposition presented by appellant, in different ways, for a reversal of the case is that the claim covered by the remaining paragraphs of the complaint is barred by the six-year statute of limitations. Appellee avers that by ordinance duly adopted on July 7, 1873, appellant city provided for and erected a hospital for contagious diseases, the management of which should be vested in the board of directors thereof, and by virtue of such ordinance he was chosen superintendent of the institution on November 1, 1901, and his salary fixed at $500 per annum to be paid as the salaries of other city officers are paid; that he served in

that capacity for the time specified in each paragraph of complaint. The evidence supports such averments and shows that some of the services rendered by appellee covered the period of time between November 1, 1901, and November 1, 1903. The complaint was filed in November, 1909. Appellant therefore contends that this portion of appellee's demand is barred by the statute. §§294, 295 Burns 1914, §§292, 293 R. S. 1881. This court, however, in the case of *City of Indianapolis* v. *Martin, supra,* held that the right to a salary of a public officer does not rest in contract, and a number of cases are cited. This language is used, "a public officer is entitled to the salary provided by law because the law attaches the salary to the office as an incident thereto and not by force of contract." The six-year statute of limitations does not apply to such obligations as the one involved here, which does not arise out of contract, but is simply a legal obligation imposed upon the city; made so by its ordinance authorizing the appointment of this official and fixing his salary. In support of this principle see *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 119, 93 N. E. 872; *Baugh* v. *Prairie County* (1899), 66 Ark. 360, 50 S. W. 876; *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 87 N. E. 832, 19 Ann. Cas. 788; *Outwater* v. *Passiac* (1889), 51 N. J. L. 345, 18 Atl. 164; *Cowenhoven* v. *Middlesex County* (1882), 44 N. J. L. 232; *State, ex rel.* v. *Jumel* (1878), 30 La. Ann. 861.

Appellant has cited *Mathesie* v. *Board, etc.* (1882), 82 Ind. 172, in support of its contention, but that case does not involve a salary fixed by law, but involves a claim which required proof to establish it. We are satisfied that all the cases cited by appellant are correctly decided. Sound policy and elementary principles of law require prompt action on the part of officials who seek relief on account of mistakes made while performing their official duties, but these cases do not fall within the class of cases which we are here considering. We hold therefore that

appellee's action is one to recover an official salary, founded on and definitely fixed by the ordinance of the city, and is not for a debt arising on contract express or implied and is therefore not governed by the limitations applicable to the latter class of cases. Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 107 N. E. 479. As to who may plead the statute of limitations, see 104 Am. St. 742. See, also, 25 Cyc. 1053.