## KIRMSE v. CITY OF GARY.

[No. 17,087.   Filed December 16, 1943.   Rehearing denied February 7, 1944.   Transfer denied March 8, 1944.]

*Richard S. Kaplan* and *George Cohan,* both of Gary, and *Emmet M. LaRue,* of Rensselaer, for appellant.

*John E. Roszkowski* and *Samuel S. Dubin,* both of Gary, for appellee.

ROYSE, P. J.—Appellant brought this action against appellee in the Lake Superior Court for breach of contract for the alleged unlawful discharge of appellant from the police department of the City of Gary (appellee). The venue was changed to the Porter Superior Court and then to the Jasper Circuit Court.

The complaint alleged, in substance, appellant was appointed to the police department of appellee under a written contract and performed his duties in such employment for a little more than four years; that without cause and without trial or hearing or notice of any hearing and in violation of the statute, he was discharged from said police department; that prior to the

commencement of this action the Porter Superior Court mandated appellee to reinstate appellant as a member of said police department and said judgment of mandate was never appealed from and is in full force and effect, but that appellee refused and still refuses to obey said mandate; that his salary as a member of the police department is $180 a month and since his unlawful discharge he has earned the sum of $1,630.

At the conclusion of appellant's evidence the trial court sustained appellee's motion for a judgment in its favor and judgment was rendered accordingly.

Appellant seasonably filed his motion for a new trial which was overruled. The only error assigned here is the overruling of this motion, the grounds of which are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. This assignment makes necessary a consideration of the evidence.

The evidence shows appellant was notified by letter from the Board of Safety of the City of Gary of his appointment as a member of the police department of said city on the 4th day of January, 1926; that on said date he took the oath required and furnished bond, and entered upon the performance of his duties as a member of said police department; that he was assigned to duty as a turnkey and continued in such employment until the 23rd day of January, 1930, when he was discharged without notice, without a hearing and without cause; that subsequent to said discharge the Porter Superior Court mandated the Board of Works and Safety of appellee to reinstate appellant as a member of said police department. Appellee refused to and still does refuse to obey said mandate. A certified copy of a duly enacted ordinance of the City of Gary, which by its terms became effective on the first Monday of January,

1926 and expired on the first Monday of January, 1930, and which provided that the annual salary of a turnkey of the police department of said city should be $2,040, was introduced in evidence. Other than this ordinance there was no evidence as to the compensation paid members of said police department.

Appellee contends that this evidence does not establish a *prima facie* case in favor of appellant.

In the oral argument of this case appellee conceded that the mandate of the Porter Superior Court directing the reinstatement of appellant was conclusive of the fact that appellant had been illegally discharged from its police department, which necessarily includes the admission that he had been legally appointed to said department, but it contended that the employment of a policeman by a city of the class to which appellee belongs is partially oral and partially in writing, and therefore is considered a parol contract, and that an action for the breach of such contract is controlled by the six-year statute of limitations; that since this action was not commenced until 1939 it is barred by said statute of limitations.

A member of the police department is an employee of the City. *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 45, 46, 25 N. E. (2d) 321; *City of Huntington* v. *Fisher* (1942), 220 Ind. 83, 40 N. E. (2d) 699. The relationship of employer and employee is a contractual relationship. 35 Am. Jur. 450, § 8. The contract of employment out of which the relation of employer and employee arises may be either express or implied, verbal or written. 39 C. J. 39, § 10.

When a statute prescribes a duty and a contract is made involving performance of that duty, such statute

becomes a part of that contract. 17 C. J. S. ■ 784, § 330. It is a well-established rule of the law of contracts "that the laws which exist at the time and place of making a contract and at the place where it is to be performed, affecting its validity, construction, discharge, and enforcement, enter into, and form a part of it, as if they were expressly referred to or incorporated in its terms." 12 Am. Jur. 771, § 240.

Our Legislature has provided for the creation of police departments, the appointment of members of such department, their powers, duties, etc. §§ 48-6102—48-6110, Burns' 1933, §§ 11477-11482, Baldwin's 1934. Under § 159, ch. 129, Acts 1905, § 48-6102, Burns' 1933, § 11477, Baldwins' 1934, which relates to the appointment of police officers at the times here involved, it is provided that the Commissioners of Public Safety shall appoint all members of the police department. In the same section it is provided: "The Commissioners shall cause all of their proceedings to be recorded." It is further provided that the salaries of all policemen shall be fixed by ordinance of the Common Council of such city and in the event the salaries are not fixed by ordinance that such salaries shall be fixed by the Commissioners of Public Safety.

The only manner in which the Board of Public Safety could legally appoint a person to the police department was by recording in its records the fact that ■ such appointment had been made. When the board takes this action and the person so appointed executes a bond, subscribes to the required oath, and enters into the performance of his duties as such policeman, there is a valid written contract of employment into which are incorporated the provisions of

the statute in reference thereto, the same as if they were specifically and formally set out in the instrument.

We can see no merit in appellee's contention that because a policeman is subject to parol direction from his superior officers his contract is a parol agreement. The contract here involved being a written one, the six-year statute of limitations does not apply.

Our courts take judicial knowledge of the statutes of this State. Acts 1937, ch. 60, § 1, p. 317, § 48-6150, Burns' 1933 (Supp.), § 11477-4, Baldwin's Supp. 1937, provides the minimum salary of a policeman in a city of the class to which appellee belonged shall be $150 per month. Therefore, there was some evidence showing that appellant was entitled to compensatory damages by reason of the breach of his contract.

The judgment of the Jasper Circuit Court is reversed, with instructions to sustain appellant's motion for a new trial.

Draper, J.—Not participating.

NOTE.—Reported in 51 N. E. (2d) 883.