MARTER ET AL. *v.* CITY OF VINCENNES

[No. 17,754. Filed November 22, 1948.]

*William P. Dennigan,* of Vincennes, attorney for appellant.

*Curtis V. Kimmell, Ewing Emison* and *John Rabb Emison,* of Vincennes, attorneys for appellees.

DRAPER, J.—This action was brought on May 8, 1946, by 21 of the living members of the fire department of the city of Vincennes, Indiana, and by the heirs or representatives of four deceased members, to recover from that city certain amounts deducted from the firemen's salaries from July 1, 1932, through 1937.

All were duly and legally appointed and employed as members of said fire department. All subscribed to an oath and qualified in the manner provided by law. From July 1, 1932, through 1937 they received varying percentages (for the most part 10%) less than their salaries as fixed by city ordinance No. 438 passed April 14, 1926, which ordinance, the appellants say, fixed the salaries they should have received during all of the time in question.*

---

* No question involving the reductions in salary provided for by ch. 70, Acts 1932 (Special Session), as amended by Acts 1933, ch. 122, is involved. The appellants seek to recover the difference between what they were paid and the amount fixed by ordinance No. 438 as reduced by the requirements of the statute.

After the introduction of all the evidence the court directed a verdict for the appellee on two grounds which, taken together, purport to cover the whole period and deprive the appellants of any recovery. They were (1) that a 10-year limitation applies in this case, so that no recovery could be had of any installments of salary falling due before May 8, 1936; and (2) that ordinance No. 438 was repealed by ordinance No. 651, effective October 9, 1935, and the firemen thereafter received the amounts to which they were entitled.

The pleadings are voluminous, and we think we can reach the questions presented without special attention to them.

The appellants were employees, and not officers of the city. As such they had a cause of action against the city for breach of their contract of employment, to recover salaries, if any, due and unpaid. *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151; *State ex rel. Shanks* v. *Com. Council, City of Wash.* (1937), 212 Ind. 38, 7 N. E. 968; *City of Lafayette* v. *Keen* (1943), 113 Ind. App. 552, 48 N. E. 2d 63. A contract of employment such as we have here is a written contract, and the six-year limitation does not apply, *Kirmse* v. *City of Gary* (1944), 114 Ind. App. 558, 51 N. E. 2d 883, and so the question as briefed is whether the 5th or 6th clause of Burns' Stat., § 2-602 applies. Clause 5 fixes a 10-year limitation "upon promissory notes, bills of exchange and other written contracts for the payment of money. . . ." Clause 6 fixes a 20-year limitation "upon contracts in writing other than those for the payment of money. . . ."

In *Yarlott* v. *Brown* (1923), 192 Ind. 648, 138 N. E. 17, our Supreme Court, in construing the 5th clause of § 2-602 said:

"A familiar rule of statutory construction is that, where words of specific and limited signification in a statute are followed by general words of more comprehensive import, the general words shall be construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed in the statute. (Authorities cited.)

"When the language of the statute under consideration is tested by this rule it becomes obvious that the 'other written contracts for the payment of money' referred to in the fifth clause, after mentioning promissory notes and bills of exchange, include drafts, letters of credit, checks, acceptances, duebills, bonds, and all personal obligations which merely bind the maker to pay money, of the same general character as promissory notes and bills of exchange; but that the words are not used in their most comprehensive sense."

So construed, it seems obvious that the written contract under consideration does not fall within the 5th clause. The contract here does not "merely bind the maker to pay money." It is a contract of employment and the relationship of employer and employee was created by it. Laws having to do with tenure and remuneration became a part of that contract, *Kirmse* v. *City of Gary, supra,* and so attached themselves to the employment as an incident thereof. *City of Indianapolis* v. *Martin* (1910), 45 Ind. App. 256, 89 N. E. 599; *City of Indianapolis* v. *Jobes* (1915), 57 Ind. App. 515, 107 N. E. 479. The two cases last cited involve officers, but in that regard we can see no difference in principle between officers and employees. We, therefore, hold that the contracts under consideration do

not fall within the 5th clause. They fall within clause 6 of the section above referred to and the 20-year limitation applies.

Ordinance No. 438, passed in 1926, was an ordinance entitled, "An Ordinance fixing the salaries and wages of the various members of the fire and police departments and of the street commissioner of the City of Vincennes, Indiana and making an appropriation from the general fund to pay therefor for the remainder of the year 1926." The ordinance itself is no broader than the title. It does exactly what the title would indicate, and no more.

Ordinance No. 651, passed in 1935, effective October 9, 1935, which is referred to as the Municipal Code of Vincennes, repealed all former ordinances with certain exceptions. One of the exceptions was, "All former ordinances establishing the Fire Department." Since ordinance No. 438 did not establish or attempt to establish a fire department, it was clearly repealed by No. 651. The latter ordinance fixed certain municipal salaries, but it did not fix the salaries of firemen. Since ordinance No. 438 was repealed by ordinance No. 651 and the salaries of firemen were not fixed by No. 651 or any other ordinance, it became the duty of the Board of Public Works and Safety to fix the salaries, subject to change by ordinance. Burns' 1933, § 48-6102, as modified by Burns' 1933, § 48-1217.

Since the evidence does not reveal any discrepancy between the salaries actually received and the salaries indirectly fixed by the Board of Public Works and Safety after the repeal of ordinance No. 438, effective October 9, 1935, there was a complete failure of proof to establish any case in favor of appellants after that date.

The appellee suggests that under the evidence the appellants waived any right to recover unpaid salaries. The proposition is not briefed and we are therefore not called upon to decide it.

For the error in applying the 10-year limitation, the judgment is reversed and cause remanded with instruction to sustain appellants' motion for new trial.

NOTE.—Reported in 82 N. E. 2d 410.