CITY OF INDIANAPOLIS, Eugene Gallagher, Chief of Police, Indianapolis Police Department, Defendants–Appellants,

v.

Charles E. SHERMAN, Plaintiff–Appellee.

No. 2–378A82.

Court of Appeals of Indiana, Fourth District.

Sept. 24, 1980.

Sheila S. Suess, Corp. Counsel, City of Indianapolis, William L. Soards, Soards & Carroll, Indianapolis, for defendants–appellants.

Edward J. Erpelding, Larry R. Champion, Erpelding & Champion, P. C., Indianapolis, for plaintiff–appellee.

CHIPMAN, Judge.

Charles E. Sherman, plaintiff–appellee, sued the City of Indianapolis and Eugene Gallagher, the Chief of Police, (hereinafter collectively referred to as the City), claiming he had been improperly reduced in rank within the Indianapolis Police Department by not having been afforded either notice of his demotion or a hearing. Sherman sought restoration to the rank of Technical Captain and the back pay which he lost due to the demotion. The City appeals from the trial court's judgment which found Sherman should be restored to the rank of Technical Captain and receive back pay in the amount of Three Hundred Dollars ($300) per year with interest since the date of his demotion, April 24, 1968.

The appellants claim numerous errors which may be summarized as follows: (1) the judgment was not supported by sufficient evidence because there was no evidence (a) the granting or removal of "technical status" was within the merit procedures of the Indianapolis Police Department, (b) that Ind.Code 19–1–7–6 applied to removal of this "status," or (c) that IC 19–1–7–6 required a hearing before loss of this "status;" (2) the evidence was insufficient to show the amount of pay lost by Sherman; (3) the judgment was not supported by sufficient evidence which would prove Sherman had complied with the notice provisions of IC 19–1–7–6 and had exhausted his administrative remedies; (4) Sherman's claim should have been barred by the defense of laches, and (5) the court erroneously determined Sherman's action was not barred by the six year statute of limitations.

The judgment of the trial court is affirmed.

## I. Applicability of Ind.Code 19–1–7–6

The City contends no hearing was required before Sherman's position within the Indianapolis Police Department could be changed from Technical Captain to Captain. According to appellants, the technical designation was not a rank within the department or within the purview of IC 19–1–7–6; instead, it was a "status," which the City argues was always granted solely by the Chief of Police and subject to his unrestrained removal. The City takes the position the Chief of Police had the discretionary power to create or revoke a technical "status" at any time, and consequently, IC 19–1–7–6 is inapplicable. We disagree.

Our standard of review requires us to review the evidence most favorable to the trial court's judgment and neither reweigh nor rejudge the relative credibility of the witnesses. When viewed in this light, we find there was sufficient evidence to show Technical Captain was a rank within the Indianapolis Police Department when Sherman was removed from this position. Sherman testified that in 1968 the position of Technical Captain was a promoted rank within the department–superior to Captain, and that qualification for this rank was by virtue of expertise. He takes issue with the City's characterization of this as a status, conferred or removed at the will of the Chief of Police. Sherman's testimony indicated the Chief of Police did not simply "pass them [technical ranks] out." According to him, such promotions had to be approved by the Board of Public Safety.

Sherman produced documentation in support of his testimony which evidenced that when he was both promoted and later demoted, Technical Captain was consistently described as a "rank" within the department and was designated as such by the respective Chiefs of Police. An inter–department communication from Chief Robert E. Reilly notifying Sherman of his "promotion" stated:

"You are hereby notified that you have been *promoted* to the *rank* of Acting Technical Captain effective February 1, 1962." (emphasis added)

A subsequent communication from Chief Winston Churchill to the payroll department on April 23, 1968, advised:

"Captain Charles Sherman will be *reduced in rank*, from the *rank* of Technical Captain, to rank of Captain, effective April 24, 1968." (emphasis added)

The evidence also showed Chief Reilly evidently did not believe he had the exclusive power to promote Sherman to the rank of Technical Captain since he sought the Board of Public Safety's approval of his recommendation Sherman be promoted. A letter from Chief Reilly to the Board of Public Safety Commissioners was admitted, the pertinent part of which provided:

"I respectfully *recommend* that Technical Lieutenant Charles E. Sherman be *promoted* to the *rank* of Acting Technical Captain effective February 1, 1962.

This *promotion* is requested to fill a vacancy created by the resignation of

Technical Captain Francis L. Gootee." (emphasis added)

This letter bore a file stamp indicating the recommendation was approved by the Board of Public Safety on January 23, 1962. Thus, recommendations for promotion to this rank may indeed have originated exclusively from the Chief's office, but the Chief's letter seeking the Board's approval of this promotion is certainly not indicative of an understanding on his part that he had the exclusive power to promote an officer to Technical Captain or grant an officer such "status."

We also note, the City's reliance upon Ind.Code 18–4–12–21 as buttressing its claim that "technical" was a status, not a rank, is misplaced.[1] This statute was enacted after the demotion at issue. We, therefore, need not pass upon the question of whether the legislature intended the ranks enumerated in IC 18–4–12–21 to operate as an exclusion upon the creation of any other ranks within the department.

■ After reviewing the record, we believe the evidence was sufficient to support the implicit conclusion of the trial court that on April 24, 1968, Technical Captain was a "rank" within the Indianapolis Police Department; consequently, Sherman could not be demoted from this rank except as provided by statute.

In 1935, a merit system was established for police departments in cities of the first class. Acts 1935, ch. 89; *Coleman v. City of Gary*, (1942) 220 Ind. 446, 44 N.E.2d 101. Included within this Act were demotion procedures for policemen, which procedures remained applicable when Sherman was demoted. Under the Act, the municipal chief of police was empowered to demote members of the department prior to any action by the board of safety, *Jenkins v. Hatcher*, (1975) 163 Ind.App. 95, 322 N.E.2d 117 (dissenting opinion), but such demotion could

only be for cause. Ind.Code 19–1–7–6, which was Section 6 of the Act, provides:

"*All demotions in rank* of any officers or members of either force *shall be made solely for cause* by the chief of the respective police or fire department, which demotion and the written reasons therefor shall be forthwith certified by such chief to the department of public safety, and written notice of such action shall be served on such person. Any person so demoted shall have a right to appeal from such action to such department of public safety by filing therewith a written notice of such appeal within ten [10] days after service upon him of the notice of demotion. A public hearing shall be conducted by the board of public safety upon such appeal in the same manner as hearings are provided by law upon charges for dismissal of members of such police and fire forces, . . . ." (emphasis added)

It is readily apparent there was a positive restraint or limitation placed upon the power of demotion by the legislature declaring such demotions could be made "*solely* for cause." In giving the chief this power to demote for cause, we are convinced the legislature never intended he be permitted to wield this power clandestinely and with virtually unbridled discretion; to permit the power to be so exercised would transform dismissal for cause into nothing more than dismissal at the will or pleasure of the chief which would effectively nullify the legislative policy reflected in this statutory scheme. See *Morris v. City of Evansville*, (1972) 152 Ind.App. 50, 281 N.E.2d 910; *Ely v. City of Montpelier*, (1969) 146 Ind.App. 175, 253 N.E.2d 286.

"[I]t was the intention of the General Assembly that original appointments, promotions and rank secured by members of the police department, should be retained by such members unless dismissal or demotion was justified by some cause personal to the particular member."

---

1. The respective ranks created under IC 18–4–12–21 were: probationary patrolman, patrol-man, sergeant, lieutenant, captain, and major.

*Coleman v. City of Gary*, (1942) 220 Ind. 446, 44 N.E.2d 101, 107; *accord Roth v. State ex rel. Kurtz*, (1902) 158 Ind. 242, 63 N.E. 460; *State ex rel. Warzyniak v. Grenchik*, (1978) Ind.App., 379 N.E.2d 997; *Bole v. Civil City of Ligonier*, (1959) 130 Ind.App. 362, 161 N.E.2d 189.

Thus, Sherman had a legitimate claim of entitlement to his rank absent cause for demotion. When such "cause" is required before an employment relationship may be altered to the detriment of the employee, due process protections attach. *Roth v. State ex rel. Kurtz*, (1902) 158 Ind. 242, 63 N.E. 460; *State ex rel. Warzyniak v. Grenchik*, (1978) Ind.App., 379 N.E.2d 997. Our Indiana case law has established "that if a demotion can be for cause only, there must be an administrative due process hearing to determine if there is sufficient cause for demotion." *State ex rel. Indiana State Employees' Association, Inc. v. Boehning*, (1979) Ind.App., 396 N.E.2d 422, 429.

It is undisputed Sherman never received any notice regarding his reduction in rank, and no hearing was held. To date, no reason has been given for this demotion. Sherman testified that since his pay was irregular, he did not realize he had been demoted until sometime in 1973 or 1974 when an officer within the same unit was promoted to Technical Captain. Clearly, Chief Churchill could not have legally demoted Sherman simply by sending a communication to that effect to the payroll department in 1968. Sherman had the right to be apprised of the acts of dereliction or the personal defect which constituted cause in order that he might counter these allegations. No cause was a legal cause unless it bore a reasonable relation to Sherman's fitness for holding office, or his incapacity to discharge the duties thereof. *Bole v. Civil City of Ligonier*, (1959) 130 Ind.App. 362, 161 N.E.2d 189.

"The statute declares in general terms that the removal must be for cause and this, as the authorities affirm, necessarily and reasonably implies that the cause in-

tended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof."

*Morris v. City of Evansville*, (1972) 152 Ind. App. 50, 61, 281 N.E.2d 910, 917.

██ The failure to strictly follow the procedures set forth in IC 19–1–7–6 made Sherman's dismissal void. *See Coleman v. City of Gary*, (1942) 220 Ind. 446, 44 N.E.2d 101; *Roth v. State ex rel. Kurtz*, (1902) 158 Ind. 242, 63 N.E. 460; *see also City of New Haven v. LeFever*, (1968) 143 Ind.App. 88, 238 N.E.2d 487.

II. Amount of Pay Lost

██ The computation of damages, if supported by evidence in the record, is strictly a matter within the trial court's sound discretion. *Smith v. Glesing*, (1969) 145 Ind. App. 11, 248 N.E.2d 366. In a case such as the one at bar, it is proper to award the improperly demoted officer the salary differential from the date of the alleged demotion. *State ex rel. Warzyniak v. Grenchik*, (1978) Ind.App., 379 N.E.2d 997. The City asserts the trial court's judgment was based upon pure speculation. We find, however, we are constrained to disagree.

██ Sherman testified he joined the Indianapolis police force in June 1943 and had served as a police officer for the City of Indianapolis continuously since that time until his retirement in July 1977, except for three years during World War II when he was on leave. Sherman indicated he was promoted to the rank of Technical Captain in 1962 and paid as a Technical Captain until April 1968 when his pay apparently was reduced upon the payroll department's receipt of the communication from Chief Churchill quoted earlier in this opinion. He produced police department pay schedules showing that during the years 1968 through 1977, a Technical Captain was paid from Three Hundred Dollars ($300) to Three

Hundred Thirty–two Dollars ($332) more per year than a Captain. We believe this evidence was sufficient to support the trial court's award and removed it from the realm of mere conjecture or speculation.

### III. Sherman's Compliance with IC 19–1–7–6

■ The failure of the Chief of Police to apprise Sherman of the asserted cause for his demotion or give him the written notice prescribed by the statute, IC 19–1–7–6, relieves Sherman from serving a written notice of appeal of his demotion on the Board of Public Safety as set out in IC 19–1–7–6. *Hansen v. Town of Highland*, (1958) 237 Ind. 516, 147 N.E.2d 221; *City of Evansville v. Maddox*, (1940) 217 Ind. 39, 25 N.E.2d 321. He was, therefore, not precluded from bringing this action by virtue of his failure to file this notice with the Board.

### IV. Laches

■ It is well settled the equitable defense of laches contains three elements: (1) inexcusable delay in asserting a right; (2) implied waiver arising from knowing acquiescence in existing conditions, and (3) circumstances causing prejudice to the adverse party. *State ex rel. Crooke v. Lugar*, (1976) Ind.App., 354 N.E.2d 755; *Citizens National Bank of Grant County v. Harvey*, (1976) 167 Ind.App. 582, 339 N.E.2d 604.

Applying these principles to the record before us, we find that although the City asserts Sherman's claim should have been barred by application of the doctrine of laches, the City has not shown any substantial injury or prejudice was suffered because of the mere lapse of time. Such an injury due to delay is, however, essential. *Ely v. City of Montpelier*, (1969) 146 Ind. App. 175, 253 N.E.2d 286.

> "Prejudice or injury to the adverse party is an essential element of laches, and equity is slow to apply the doctrine of laches where there is no change in the situation of the parties to the prejudice of the defendant during the delay."

12 I.L.E. Equity § 55.

■ The record is completely silent as to any injury or prejudice suffered by the City because of the lapse of time. The bald assertion of prejudice based on the claim that this additional money ordered to be paid Sherman has not been budgeted is insufficient in itself to establish this prejudice. *State ex rel. Crooke v. Lugar*, (1976) Ind.App., 354 N.E.2d 755.

### V. Statute of Limitations

■ The City's allegation that Sherman's claim was barred because it was subject to a six year statute of limitations is meritless. Our courts have consistently held that a duly appointed police officer, who has taken the required oath and entered into the performance of his duties as a policeman, has a valid written contract of employment, 20 I.L.E. Municipal Corporations § 127, which contract is not subject to the six year statute of limitations. *Marter v. City of Vincennes*, (1948) 118 Ind.App. 586, 82 N.E.2d 410; *Kirmse v. City of Gary*, (1944) 114 Ind.App. 558, 51 N.E.2d 883.

Judgment affirmed.

YOUNG, P. J., and MILLER, J., concur.