**CITY OF TERRE HAUTE, Indiana, Defendant-Appellant,**

v.

**Walter Ray BROWN, Arthur E. Seeling, Richard E. Leidinger, Michael Dwyer, and Jack L. Pruett, Plaintiffs-Appellees.**

No. 1–285A43.

Court of Appeals of Indiana, First District.

Oct. 10, 1985.

Rehearing Denied Nov. 22, 1985.

Robert F. Hellmann, Asst. City Atty., Terre Haute, for defendant-appellant.

Arnold H. Brames, Rhonda Oldham, Brames, Bopp, Haynes & Abel, Terre Haute, for plaintiffs-appellees.

## STATEMENT OF THE CASE

NEAL, Judge.

Defendant-appellant, City of Terre Haute (City), appeals an adverse judgment entered in the Clay Circuit Court in favor of plaintiffs-appellees, Walter Ray Brown, Arthur E. Seeling, Richard E. Leidinger, Mi- chael Dwyer, and Jack L. Pruett, all firemen of the City of Terre Haute (Firemen).

We affirm.

## STATEMENT OF THE FACTS AND ISSUE

On January 1, 1980, the Firemen were reduced in grade without notice of charges or hearing. They filed their suit on January 25, 1984, for back pay and injunction. The sole issue is whether the Firemen's claim was barred by the two year statute of limitation contained in IND.CODE 34-1-2-1.5.

## DISCUSSION AND DECISION

IND.CODE 34-1-2-1.5 provides:

"All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two (2) years of the date of the act or omission complained of."

City argues that the statutory scheme of employing firemen does not connect an oral contract to a written contract. It relies entirely upon *Kemper v. Warren Petroleum, Inc.* (1983), Ind.App., 451 N.E.2d 1115. That case involved a specific finding that the employment contract was oral and IND.CODE 34-1-2-1.5 governed.

Firemen are employees of the city. *State ex rel. Palm v. City of Brazil* (1947), 225 Ind. 308, 73 N.E.2d 485. Their rights under the firemen's "tenure act"[1] are contractual and are protected by due process. *City of Terre Haute v. Brighton* (1983), Ind.App., 450 N.E.2d 1039, *trans. denied.* The employment status is created by the combination of relevant statutes, ordinances, and safety board records which prescribe duties and procedures such as appointment, compensation, demotion and hearings; such laws affecting employment become a part of the contract as if their terms were expressly referred to or incorporated therein. *Kirmse v. City of Gary* (1943), 114 Ind.App. 558, 51 N.E.2d 883.

1. IND.CODE 18-1-11-3 now codified at IND. CODE 36-8-3-4.

When city employees are appointed or enter into the performance of their duties, a valid written contract of employment is created. *City of Indianapolis v. Sherman* (1980), Ind.App., 409 N.E.2d 1202; *Marter v. City of Vincennes* (1948), 118 Ind.App. 586, 82 N.E.2d 410. This written contract is not subject to the two year statute of limitations under IND.CODE 34–1–2–1.5, as propounded by appellant, or the six year limitation under IND.CODE 34–1–2–2, but it is governed by the twenty year statute of limitation under IND.CODE 34–1–2–2(6). *See Sherman, supra, Marter, supra.* Though the current statutes regulating powers and duties of the safety board, IND.CODE 36–8–3, and applicable statutes of limitation, IND.CODE 34–1–2, have been amended over the years since *Kirmse* and *Marter,* we are of the opinion that these cases still control. *See Sherman, supra. Kemper, supra,* is not applicable because of a finding of an oral contract. Here the contracts have been judicially held to be written contracts, and the twenty year statute of limitations under IND.CODE 34–1–2–2(6) controls.

For the above reason, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.