THE SHELBY COUNTY COUNCIL ET AL. *v.* THE STATE, EX REL. THE SCHOOL CITY OF SHELBYVILLE.

[No. 19,381. Filed June 20, 1900. Rehearing denied June 29, 1900.]

SCHOOLS.—*Indigent Children.—Aid by County.—Mandamus.*—An action cannot be maintained by the State on the relation of a school city to compel the county officers to make an appropriation for the benefit of indigent children under the act of 1899 (Acts 1899 p. 547), where the school city had furnished no temporary aid and had filed no list with county auditor of children aided.

From the Shelby Circuit Court. *Reversed.*

*E. W. McDaniel,* for appellants.
*K. M. Hord* and *E. K. Adams,* for appellee.

DOWLING, J. —The object of this proceeding was to obtain a writ of mandate against the Shelby county council, the board of commissioners of the county of Shelby, and the auditor of Shelby county, to compel the performance of certain acts alleged to be specifically enjoined by law. The action is founded upon an act of the General Assembly of this State, entitled "An act amending an act concerning the education of children, approved March 8, 1897, and declaring an emergency," approved March 6, 1899 (Acts 1899, p. 547), and particularly section six of that statute, which is in these words:

"Sec. 6. If any parent, guardian or custodian of any child or children is too poor to furnish such child or children with the necessary books and clothing, with which to attend school, then the school trustee of the township, or the board of school trustees or commissioners of the city, or incorporated town where such parent, guardian or custodian resides, shall furnish temporary aid for such purpose, to such child or children, which aid shall be allowed and paid upon the certificate of said officers by the board of county commissioners of said county. Such township trustee or board of school trustees or commissioners, shall at once make out and file with the auditor of the county *a full list of the children so aided,* and the board of county commissioners, at their next regular meeting, shall investigate *such cases* and make such provisions for *such child or children* as will enable them to continue in school as intended by this act."

The act elsewhere provides that all children between the ages of six and fourteen years, with certain exceptions, shall attend school each year for a term or period not less than the term or period of the public schools, and imposes a penalty upon parents, guardians, and custodians of children of school age who fail to comply with the requirements of the said act in this respect.

The petition and motion for the alternative writ was filed in the name of the State of Indiana, on the relation of the school city of Shelbyville. It does not appear that an alternative writ was issued, or that any return was made to such writ. Demurrers to the petition were filed by the several defendants, and were overruled. No further pleadings were filed, and the court rendered judgment in favor of the petitioner, and awarded a peremptory writ of mandate, requiring the board of commissioners, the county council, and the auditor, respectively, to make estimates of the amount necessary to furnish books and clothing for the children of poor parents, guardians, and custodians; to make the ap-

propriations for the payment of the same, and to draw proper warrants upon the funds so appropriated.

From that judgment, the defendants below appeal, and they separately assign as error the rulings on the several demurrers.

The material facts stated in the petition or complaint are these: The relator is the school corporation of the city of Shelbyville, and is situated in Shelby county, Indiana; the county council, and the board of commissioners of the county of Shelby, respectively, are composed of the persons named in the petition; during the year preceding the filing of the petition, there were 1,139 children between six and fourteen years of age residing in said school city, attached to its schools, and entitled to school privileges; among these are at least twenty children who, since January 1, 1900, have been without the necessary books and clothing with which to attend school, and whose parents, guardians, and custodians are too poor to furnish such necessary books and clothing; the term of school for the present school year will continue until May 25, 1900; the term of the schools for the next school year will begin on or before September 15, 1900, and will continue at least nine months thereafter; from the present time until January 1, 1901, more than 100 children who are entitled to attend the public schools will need books and clothing to enable them to attend such public schools, and the parents, guardians, and custodians of such children are too poor to furnish such books and clothing; it will require, for the purpose of furnishing such necessary books and clothing for the indigent children of said school city of Shelbyville for the residue of the year 1900, the sum of $500, as petitioner is informed and believes; the board of commissioners of said county did not before the Thursday following the first Monday in August, 1899, nor at any time before or since, prepare, or attempt to make, any estimate, or itemized statement, of the amount of money which would be required for the year 1900 for

the purchase of such necessary books and clothing, or append to any such estimate a verified certificate as required by law, but has failed, neglected, and refused to do so; said county council did not, at their meeting for the purpose of making appropriations, on the first Tuesday after the first Monday in September, 1899, or at any time before or since, make any appropriation of money to be paid out of the county treasury to reimburse the said school city of Shelbyville for any temporary aid it might furnish to such indigent pupils for the purposes aforesaid for the year 1900, although the members of said county council and of said board of commissioners at all times had full personal knowledge of the facts aforesaid, and of the needs and demands, present and prospective, of the indigent pupils aforesaid; said council and board deny that said county is liable to reimburse said relator for any moneys expended, or to be expended, in furnishing the temporary aid aforesaid, and, although demand has been made upon them, they refuse to make the estimates and appropriations aforesaid, on the ground that no such liability exists, and, unless ordered by the court, they will not make said estimates and appropriations; by reason of the facts aforesaid, an emergency exists for an immediate estimate and appropriation on the part of said board and council, and the members thereof, and a failure to make such estimates and appropriations will deprive said indigent children of the privilege of attending the common schools of said school city because of their need of suitable books and clothing; said auditor has failed and neglected to call a session of said council, or said board of commissioners, for the purpose of making said appropriations and itemized estimates, and will refuse to do so unless ordered by the court. Prayer for an alternative writ of mandate against the county council, and board of commissioners, and the members thereof, and against the auditor, to show cause, etc., and on the final hearing for a peremptory writ to compel said defendants, and each of them, to perform their respective duties in that behalf.

The petition contains further allegations as to other school townships, but they are foreign to this controversy, and need not be noticed.

No right of action, such as is claimed here by the relator, is conferred by any provision of the act concerning county business approved March 3, 1899. (Acts 1899, p. 343.) If it exists at all, it must be derived from section six, of the act of March 6, 1899. (Acts 1899, p. 550.) But that section requires the school city, the school trustee of the township, or the commissioners of the city, to furnish *temporary aid* to children in their respective school corporations, whose parents, guardians, or custodians are too poor to furnish them with the necessary books and clothing to enable them to attend the public schools, and it directs that the aid so furnished shall afterwards be allowed and paid, upon the certificate of the said officers by the board of county commissioners. This part of the section evidently contemplates nothing more than the reimbursement of the school city, school trustee, or city commissioners, for moneys properly laid out by them in furnishing books and clothing to the children of poor parents, etc. The succeeding clause of the section makes it the duty of such board of school trustees, township trustee, or city commissioners, to make out and file with the auditor a list of the children so aided, and it declares that the board of commissioners, at their next regular meeting, shall investigate such cases, and make such provisions *for such child or children so aided,* and *named in the list so furnished,* as will enable such child or children to continue in school as intended by the statute. If no temporary aid has been furnished by the school city, trustee, or city commissioners, or if no list of the children so aided has been filed with the auditor, the board of commissioners has no duty to perform, nor any power to act.

It is not averred in the petition or complaint that the relator furnished any temporary aid to poor children within its

limits, or that any list of children aided by it was filed with the auditor. It follows that the board of commissioners had nothing to act upon, and that neither the board, the county council, nor the auditor, has failed to perform any act specially enjoined by law, or any duty resulting from the office, trust, or station, or either of them. The act in question does not lay upon the board of commissioners the duty of ascertaining the names of the children for whom books and clothing should be furnished. That duty, in the first instance, seems to be imposed upon the board of school trustees, township trustee, or city commissioners, who are to furnish temporary aid, and then file the names of the children so aided. Only the children so aided and listed are entitled to the provision the board is enjoined to make.

Whether an action to compel the board of commissioners to make an appropriation for the benefit of such needy children can, under any circumstances, be maintained by the State on the relation of the school city, or not (a point we do not decide) it is clear that such a proceeding does not lie where the school city has furnished no temporary aid, and has filed with the auditor no list of children so aided. In determining the meaning of a statute, we are compelled to look first to its terms, and when these are plain and unambiguous the act cannot be extended to cases which do not justly fall within its scope.

For the error of the court in overruling the demurrers to the petition, the judgment is reversed, with instructions to sustain the demurrers, and for further proceedings in accordance with this opinion.