# Board of Commissioners of County of Miami *v.* Falk.

[No. 4,087. Filed October 30, 1902.]

Schools.—*Poor Children.—Supplies Furnished.—Action Against County.* —Section 6033f Burns 1901, providing that the board of school trustees may furnish school supplies to the children of indigent parents, does not vest any power in such school board to contract a debt on behalf of the county in favor of third persons for such supplies.

From Miami Circuit Court; *J. T. Cox,* Judge.

Action by Julius Falk against the board of commissioners of Miami county for supplies furnished school children. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John Mitchell,* for appellant.

Robinson, J.—Appellee's complaint avers that appellant is indebted to him in the sum of $562.18 for wearing apparel consisting of clothing, shoes, hats, and caps furnished to children of school age whose parents were too poor to furnish necessary clothing to attend school; that such merchandise was furnished at the request of the board

of school trustees of the city of Peru as temporary aid for such purpose, appellant having made no provision therefor, and a full list of the children so aided was at once made out and filed with the county auditor by the school trustees; that in May, 1900, appellee filed with the auditor his claim, to which was attached the certificate of the school trustees, which claim was disallowed by appellant. A bill of particulars and the certificate of the school trustees are made exhibits. This certificate, signed by the members of the board of school trustees, recites that the goods were furnished by appellee to school children of the city of Peru whose parents were too poor to furnish such children with the necessary books and clothing with which to attend school, and were furnished at the board's request and on the board's order, and that appellee has not been paid for the same.

Section 6 of the act of March 6, 1899, provides: "If any parent, guardian or custodian of any child or children is too poor to furnish such child or children with the necessary books and clothing, with which to attend school, then the school trustee of the township, or the board of school trustees or commissioners of the city or incorporated town where such parent, guardian, or custodian resides, shall furnish temporary aid for such purpose, to such child or children, which aid shall be allowed and paid upon the certificate of said officers of the board of county commissioners of said county. Such township trustee or board of school trustees or commissioners, shall at once make out and file with the auditor of the county a full list of the children so aided, and the board of county commissioners, at their next regular meeting, shall investigate such cases and make such provisions for such child or children as will enable them to continue in school as intended by this act." Acts 1899, p. 550.

The right here sought to be enforced is purely statutory. And the above is the only statutory provision for furnish-

ing aid to school children whose parents, guardian, or custodian is too poor to furnish them with the necessary books and clothing with which to attend school. The general rule is well settled that a person seeking to enforce a right given by a statute must show himself to be within its terms. The statute plainly directs that the school corporation shall furnish temporary aid for such purpose, and this temporary aid so furnished shall afterwards be allowed and paid by the board of county commissioners upon the certificate of the officers of the school corporation. It does not vest any power in such school corporation to contract a debt on behalf of the county in favor of third persons for such supplies. The legislature has placed the determination of the necessity for furnishing such temporary aid with the officers of the school corporation, and, when they have filed with the county auditor a list of the children so aided, it then becomes the duty of the board of county commissioners to investigate such cases, and make such provision for the children who have been thus aided as will enable them to continue in school. After the school officers have furnished such aid the statute provides how they shall be repaid. "This part of the section," said the court in *Shelby County Council* v. *State, ex rel.,* 155 Ind. 216, "evidently contemplates nothing more than the reimbursement of the school city, school trustee, or city commissioners, for moneys properly laid out by them in furnishing books and clothing to the children of poor parents," etc.

As the complaint fails to show a right of action in appellee, the demurrer should have been sustained. Judgment reversed.