STATE EX REL. SCHOOL CITY OF CRAWFORDSVILLE *v.*
UNION CIVIL TOWNSHIP OF MONTGOMERY COUNTY.

[No. 27,963.   Filed February 28, 1944.]

*W. J. Sprow,* of Crawfordsville, for appellant.

*Selwyn F. Husted,* of Crawfordsville, for appellee.

FANSLER, C. J.—This is an action on behalf of the School City of Crawfordsville to recover money paid out and expended for books, shoes, and clothing fur-

nished to children of school age whose parents or persons having them in custody did not have sufficient means to provide the children with books, shoes, and clothing. A demurrer to the complaint was sustained, and this ruling is assigned as error.

Sections 28-501 to 28-517, Burns' 1933, §§ 6693 to 6710, Baldwin's 1934, provide for the compulsory education of children between the ages of seven and sixteen years, and provide for the appointment of an attendance officer. Section 28-502 (§ 6694) provides, among other things, that: "Every attendance officer shall maintain an office at a place designated by the said superintendent of schools; shall be on duty during school hours and at such other times as requested by said superintendent; shall keep such records and make such reports as are required by the state board of attendance and the said superintendent of schools shall visit the homes of children who are absent from school or who are reported to be in need of books, clothing or parental care; shall, at the direction or with the approval of the superintendent of schools or the state attendance officer or the state board of attendance, bring suit for the enforcement of any or all of sections one to seventeen [§§ 28-501—28-517, Burns' 1933, §§ 6693 to 6710, Baldwin's 1943], inclusive, of this act . . . ." It is obvious that this provision was designed to prescribe the duties of the attendance officer. In the clause, "shall keep such records and make such reports as are required by the state board of attendance and the said superintendent of schools shall visit the homes of children who are absent from school or who are reported to be in need of books, clothing or parental care," there obviously should be a semicolon after "superintendent of schools." It was clearly the legislative intention that the attendance officer, and not the superintendent

of schools, should visit the homes of the children, and that the attendance officer should keep such records and make such reports as were required by the state board of attendance and the superintendent of schools.

Section 28-512 is as follows: "If any parent, guardian or other person having control or· charge of any child subject to the provisions of this act does ■■ not have sufficient means to furnish such child with books, school supplies, and clothing necessary to the attendance upon school, then the school corporation wherein such child resides shall furnish temporary aid for such purpose, which aid shall be allowed and repaid to such school corporation by the township overseer of the poor, in the manner provided by law for the relief of the poor, upon presentation of an itemized statement of such temporary aid." The prime purpose of the entire act is to secure the attendance in schools of all children between the ages of seven and sixteen years, and the provision for aid to poor children is to make the attendance of such children possible. The duties of the attendance officer involve investigations and other steps looking to the enforcement and accomplishment of the principal purpose of the act, and they include the provision that the attendance officer "shall, at the direction or with the approval of the superintendent of schools or the state attendance officer or the state board of attendance, bring suit for the enforcement of any or all of sections one to seventeen [§§ 28-501—28-517, Burns' 1933, §§ 6693 to 6710, Baldwin's 1943], inclusive." In so far as § 28-512 is concerned, this means that an action may be brought to require the school corporation in which the child resides to provide temporary aid. It cannot reasonably be construed as requiring that after the school corporation has furnished aid the attendance officer shall maintain

a suit on its behalf to procure reimbursement. Such actions are governed by § 28-2403, Burns' 1933, § 5959, Baldwin's 1934, which provides: "Suits brought on behalf of the schools of any township, town or city shall be brought in the name of the state of Indiana, for the use of such township, town or city." *Hadley* v. *State ex rel. City of Richmond* (1879), 66 Ind. 271.

The complaint, in addition to the formal allegations respecting the parties and their relationship, alleges that the attendance officer, in the performance of her duties, visited the homes of certain children who were either absent from school or in need of books and clothing in order to permit them to properly attend school, and found and determined on investigation that certain children were actually in need of books or clothing, and that their parents or the persons having control or charge of them did not have sufficient means to furnish such children with books and clothing necessary that they might attend school, and that the attendance officer purchased books and clothing as temporary aid for the purpose of permitting such children to attend the schools in the City of Crawfordsville; that the books and clothing were purchased with the consent of the superintendent of schools, and that they were paid for by the School City of Crawfordsville, and that the items amounted to $296.42; that the school city filed a claim for said amount with Union Civil Township and demanded payment, which was refused. It is alleged that the amount paid was the reasonable value of the clothing and books. An exhibit to the complaint shows that over one hundred and fifty children were given aid; that one child was assisted four times, and that the total amount of expenditures on that child was $3.14 for clothing, $2.08 for books, and $1.89 for shoes;

that less than ten children were assisted three times, that approximately twenty-five children were assisted twice, and the remainder once.

The appellee contends that the act does not give an attendance officer the power to decide to whom aid should be rendered. The act provides that the attendance officer shall visit the homes of children who are reported to be in need of books, clothing, or parental care, a provision which surely would not have been made unless the Legislature intended that something might result from the visit, and it expressly provides that the school city shall furnish temporary aid. The complaint alleges that the aid was furnished with the consent of the superintendent of schools, and, since the supplies were paid for by the school city, it must be concluded that the purchases were acquiesced in and approved by the school board. Nothing in the act vests discretion as to purchases elsewhere than in the school authorities.

The appellee says that, under the procedure followed by the city, the township trustee as overseer of the poor has no opportunity to procure an affidavit setting forth the personal condition of the family of the recipient, and that temporary aid to school children can only be repaid by the township *"in the manner provided by law for the relief of the poor."* But this contention overlooks the plain provisions of this statute, which provides for temporary aid to the school children by the school city and an allowance and repayment by the township overseer of the poor. It is also contended that the aid provided for "is temporary aid only and does not provide for continuous aid or aid to the same child or children intermittently throughout the full school year." Under former statutes there was a pro-

vision for temporary aid, and an investigation thereafter looking to provision for permanent relief. See *Shelby County Council et al.* v. *State ex rel. School City of Shelbyville* (1900), 155 Ind. 216, 87 N. E. 712, and *Board of Com'rs, etc.,* v. *Falk* (1902), 29 Ind. App. 683, 65 N. E. 10. It must be concluded that the word "temporary" is used in the statute to distinguish the aid from that permanent provision which may be made for the poor under other statutes. Under the facts disclosed by the complaint, clothing, shoes, and books when furnished more than once to a single child were furnished intermittently and at isolated intervals. It would seem reasonable to conclude that temporary aid was intended to cover such aid as might be necessary until a permanent arrangement was made to provide the things necessary to permit the children to properly attend school. The dominant purpose of the entire act is to provide for the attendance of children at school. If aid is given by a school city to children whose wants are permanently provided for, the fact could no doubt be made to appear by an affirmative answer, which would raise another question.

The appellee refers to certain forms provided for by the State Board of Accounts, in which the township trustee is required to certify that he had ordered the supplies and materials for which the claim was made, and that they were delivered under a contract with him. It is amply clear that no orders or directions by the State Board of Accounts can defeat the express provisions of the statute.

No other objections to the complaint are pointed out, and, as against these objections, it states a good cause of action.

Judgment reversed, with instructions to overrule the demurrer, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 53 N. E. (2d) 159.