WAYNE TOWNSHIP OF ALLEN COUNTY *v.* FORT WAYNE COMMUNITY SCHOOLS

[No. 3-1175A256. Filed August 17, 1978. Rehearing denied September 21, 1978. Transfer denied January 10, 1979.]

*Kenneth M. Waterman, Parker, Hoover, Keller & Waterman*, of Fort Wayne, for appellant.

*Robert S. Walters, Barrett, Barrett & McNagny*, of Fort Wayne, for appellee.

STATON, J. — The Fort Wayne Community School Corporation annually distributes all required textbooks and school supplies on a rental basis to every student enrolled in its schools. In September, 1971, the school corporation initiated a formal program of assistance for needy students who were financially unable to pay the required fees. It determined at the beginning of each semester who these needy students were and provided them with the necessary books and supplies, free of charge. The school corporation, in turn, sought reimbursement from the Wayne Township Trustee under the authority of IC 1971, 20-8.1-3-28(a), Ind.Ann.Stat. § 28-5332 (Burns Code Ed.).[1] This statute stipulates in part,

---

1. This statute was earlier numbered IC 1971, 20-8-8-13.

that township trustees must reimburse school corporations for whatever "temporary" aid the latters renders to poor students. The trustee refused to reimburse the school corporation, claiming that the aid dispensed under the school corporation's established formal program could not be classified as "temporary" aid.

The Allen Superior Court ruled in favor of the school corporation and ordered Wayne Township of Allen County to repay the school corporation for such books and supplies it furnished to poor children under its formal program.

The trustee presents the following questions on appeal:

(1) Is an Indiana township required to pay a school corporation for school books furnished free of charge to poor children pursuant to a regular, on-going, formal school book program established by the school corporation?

(2) Are certain findings of fact by the trial court erroneous?

We concur in the trial court's assessment of liability for reimbursement against the trustee and affirm its judgment.

## I.

### Formal Program

The trustee claims that the school corporation's distribution of textbooks and supplies free of charge is permanent rather than temporary aid because it is "rendered under a regular, on-going, comprehensive formal program." The school corporation correctly points out that IC 1971, 20-8.1-3-28(a), *supra*, contemplates a quick and summary procedure. It requires a determination that a particular student's parents lack sufficient means to furnish him with books and supplies, followed by a grant of temporary aid by the school corporation. It also obligates the township trustee to repay the school corporation for the amount of relief extended after receiving an itemized statement of such temporary aid.[2]

---

2. "Assistance to the poor. — (a) If the parents of a child who is subject to the provisions of this chapter [20-8.1-3-1 — 20-8.1-3-37] do not have sufficient means to furnish him with the books, school supplies, shoes and clothing which he needs to attend the school, the school corporation in which the child resides shall provide temporary aid, subject

The school corporation also notes that all children in a classroom must receive their school books and supplies together in order to begin their studies simultaneously. Delay in receiving these materials would interfere with the poor students' learning progress. Unnecessary confusion would also be occasioned if each poor student's parents or guardian were separately forced to seek out and meet the bureaucratic requirements of a governmental agency which could advance the funds to pay for these books and supplies. The school corporation's "formal program" is an organizational vehicle to facilitate the efficient distribution of books and supplies to needy students. Since its expenditures are all predicated on the assumption of reimbursement from the township trustee, its operation is compatible with the concept of "temporary" aid specified in IC 1971, 20-8.1-3-28(a), *supra*.

## II.

### Temporary Aid

"Temporary aid" such as is authorized under IC 1971, 20-8.1-3-28(a), *supra*, was described in *State v. Union Civil Township* (1944), 222 Ind. 267, 273, 53 N.E.2d 159, 161:

"It would seem reasonable to conclude that temporary aid was intended to cover such aid as might be necessary until a permanent arrangement was made to provide the things necessary to permit the children to properly attend school. The dominant purpose of the entire act is to provide for the attendance of children at school...."

Thus, the school corporation is authorized to provide school books without charge to any child whose need for such materials is not permanently provided for elswhere. The school corporation's aid is classified as "temporary" principally because whatever funds are expended on behalf of the needy are statutorily reimbursable from the township trustee. In the absence of such a statutory mandate, each school corporation would presumably be required to send all needy students to the appropriate township trustee's office in order for them to obtain money for books. Since the trustee's direct aid would not be reimbursable or refundable

---

to the provisions of subsection (b) of this section. The township trustee shall allow, and pay, to the school corporation, the amount of aid which the school corporation has provided under this section. This reimbursement by the township trustee shall be paid in the manner provided by law for relief of the poor, after the trustee has received an itemized statement of aid furnished."

from any other source, it may be properly characterized as permanent. There is no merit in the trustee's attempted distinction between temporary and permanent aid as it is applied to the school corporation's distribution for an entire school year of free school books and supplies to poor students.

Textbooks and school supplies are rented by the school corporation to students at the beginning of each semester or school year. Fees for the entire rental period are also collected from them at this time. The very nature of the materials involved makes their distribution without charge a matter of permanent aid in the sense that the school books physically remain with the poor students for the entire rental period. This aid is "temporary" only with respect to the fact that the trustee, not the school corporation, is principally responsible by statute for seeing that all poor students have whatever materials and clothing are necessary to permit them to attend school. IC 1971, 20-8.1-3-28(a), *supra*, expressly requires a trustee to reimburse a school corporation for whatever funds the latter expends in supplying poor students with books, supplies, and clothing. "Temporary aid" can therefore only be reasonably interpreted in this case as a·deferral by a school corporation of the rental fee for textbooks and supplies owed by poor students during the period before the deferred amount is reimbursed to it by a township trustee. The school corporation's formal program exists to identify those students eligible for this interim aid and to facilitate the reimbursement from the trustee of funds expended on their behalf.

### III.

### Alternative Funding

The trustee asserts that a general legislative intent to provide for the rental of textbooks to indigent students exclusively from within a school corporation itself is indicated by the following language of IC 1971, 20-5-6-5(b), Ind.Ann.Stat. § 28-1759 (Burns Code Ed.):

"Where the governing body determines that a hardship exists due to the inability of a student's family to purchase or rent textbooks, taking into consideration the income of such family and the demands thereon, it may furnish textbooks to such students without charge, without reference to the application of any other law except this act."

However, subsection (b) merely states another means in which a school corporation *"may* furnish textbooks." This does not amount to a mandate requiring it to do so. Nor does it impinge upon the continuing vitality of IC 1971, 20-8.1-3-28(a), *supra*, as a viable alternative means of funding. In the absence of an express legislative pronouncement to the contrary, we cannot declare that one method of funding supersedes another.

## IV.

### Findings of Fact

The trustee claims that seventeen of the trial court's thirty-one findings of fact also contain impermissible conclusions of law. He argues that they should therefore be disregarded. We will only determine if there is adequate evidence in one or more findings, independent of any conclusions of law therein, to support the trial court's threshhold determination as to the trustee's liability. *See Indiana & Michigan Electric Company v. Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436; *Saloom v. Holder* (1973), 158 Ind.App. 177, 304 N.E.2d 217.

The trial court specifically found (Finding of Fact No. 6) that the school corporation operated its textbook assistance program in the following manner:

"6.     Since the commencement of the school year, beginning in September, 1971, Fort Wayne Community Schools has operated and maintained a formal program, designed to assist those students whose parents or guardian do not have sufficient means to furnish that student with the books and school supplies otherwise needed to be rented and/or purchased by that student. This program was adopted pursuant to the provisions of IC 1971, Section 20-8-8-13, amended in 1973 as IC 1971, Section 20-8.1-3-28. The law pursuant to which this program was enacted corresponds with former Section 5314 of Title 28 of Burns Indiana Statutes."

The trustee contends that the last two sentences of this paragraph are conclusions of law and should be disregarded as surplusage. However, the trial record contains the following testimony of Dr. John F. Young, Associate Superintendent of the Fort Wayne Community Schools:

"Q.     Now, are you familiar with the type of system in the Fort Wayne Community Schools for making textbooks and materials available to students?

"A. I am.

"Q. Would you describe that system, please?

"A. During the last four or five years, we have a rather complete and comprehensive system for determining need, which results in an eligibility list. As a projection of the needs, these are pulled together by the principals and then determined as hardship cases. In the projecting of the financial needs, we have two funds, the General Fund and the Books & Supplies Fund, which is not an appropriated fund nor does it have tax related implications. Neither fund carries a provision for any welfare or hardship cases. We have operated for a period of years under the 1921 Act which specifies how these cases are to be served.

"Q. Is that 1921 Act the same Act that is involved and referred to in this litigation as temporary aid?

"A. Yes.

\* \* \*

"Q. Are there any other programs that you're aware of, other than the 1921 statute, the temporary aid program, for students who cannot afford to pay their books and materials fees?

"A. No.

The procedures for determining eligibility for temporary aid described by Dr. Young as being operated under the "1921 Statute" conforms in all particulars to those of its successor, IC 1971, 20-8.1-3-28(a), *supra.* Since the trustee failed to establish that the school corporation was operating under any other plan, the trial court was justified in ruling, as a matter of fact, that the school corporation operated a temporary aid program under the latter statute. It could then reasonably conclude, as a matter of law, that the school corporation was entitled to reimbursement as contemplated in IC 1971, 20-8.1-3-28(a), *supra.*

We affirm.

Buchanan, C.J., (by designation), concurs;

Hoffman, J., concurs.

NOTE—Reported at 379 N.E.2d 497.