SOUTH BEND COMMUNITY SCHOOL CORPORATION, Appellant
(Plaintiff Below),

v.

PORTAGE TOWNSHIP OF ST. JOSEPH COUNTY and Richard C. Dombrowski Portage Township Trustee, Appellees (Defendants Below).

No. 50A03–8705–CV–145.

Court of Appeals of Indiana,
Third District.

March 16, 1988.

Douglas D. Small, Barnes & Thornburg, South Bend, for appellant.

Kathleen Cekanski–Farrand, South Bend, for appellees.

STATON, Judge.

The South Bend Community School Corporation (School Corporation) provided book fee assistance to parents under the Financial Assistance for School Children Act (Book Fee Statute)[1] during School Years 1983–84, 1984–85, and 1985–86. Portage Township and the Portage Township Trustee (hereinafter collectively referred to as Trustee) refused to reimburse the School Corporation for fees provided to those parents the Trustee later determined to be ineligible for book fee assistance. *See* IC 20–8.1–9–3 and IC 20–8.1–9–7. The School Corporation filed suit against the Trustee, seeking injunctive relief and damages. From the trial court's adverse decision, the School Corporation appeals, raising the following issues:

1. Whether the Trustee possessed the authority to impose on applicants for book fee assistance certain requirements not expressly provided for in the Book Fee Statute.

2. Whether the Trustee possessed the authority to deny an application for book fee assistance when an applicant failed to comply with those requirements.

3. Whether the Trustee abused his discretion in imposing and enforcing those requirements here.[2]

We affirm.

During the pre-appeal conference, the parties agreed that certain facts could and should be presented to this Court by stipu-

---

1. IC 1979, 20–8.1–9–1 *et seq.* (Burns Code Ed., 1985 Repl.) was in effect during the events at issue here.

2. Township trustees are no longer involved in providing book fee assistance to public school children. *See* IC 1979, 20–8.1–9–1 *et seq.* (Burns Code Ed., Supp.1987). Under the new provisions of the Book Fee Statute, book fee assistance is administered by school corporations and the Indiana Department of Education. A special fund has been established to finance the program.

lation. Those facts are set forth below and shall be used by the Court, along with the record of proceedings, in resolving the appeal in this proceeding:

(1) The South Bend Community School Corporation (School Corporation), is a public school corporation organized and existing under the laws of the State of Indiana, with authority to operate as a public school system in St. Joseph County, Indiana.

(2) The defendant, Portage Township of St. Joseph County, is a township located in St. Joseph County, and exists and operates under the laws of the State of Indiana, and the defendant, Richard C. Dombrowski, was the Trustee of Portage Township, having taken office July 1, 1982. Dombrowski's term as trustee ended on December 31, 1986. Hereafter the defendants are referred to as the "Trustee."

(3) This action was initiated by the School Corporation for reimbursement of book fee assistance which the School Corporation alleges the Trustee wrongfully denied.

(4) The Financial Assistance for School Children Act ("Book Fee Statute") requires a Township Trustee to adopt and send by certified mail by July 1 of each year, to the School Corporation, Financial Eligibility Standards and Procedures, pursuant to I.C. 20–8.1–9–2.

(5) The School Corporation is required to give notice in "nontechnical language" to parents of the availability of the assistance, the eligibility standards, the procedure for obtaining assistance, and the availability of application forms at a designated school office, together with the manner of appealing an adverse decision.

(6) A parent seeking assistance must then, fill out an application form and submit it to the School Corporation.

(7) The School Corporation then makes a preliminary determination of financial eligibility based upon information in the application, and if the School Corporation determines the applicant is eligible for book fee assistance, the School Corporation sends the application to the Trustee. The Trust-

ee is then to make the final determination as to the eligibility of the applicant.

(8) The Trustee, in making his determination, may either confirm the preliminary determination of the School Corporation on the application or deny the book fee assistance. The Trustee, however, is only to deny assistance if it is determined the parent's income exceeds the Financial Eligibility Standards and Procedures. I.C. 20–8.1–9–7.

(9) The Trustee is to notify the School Corporation of the action taken on the individual application, and if the Trustee does not notify the School Corporation within twenty-one (21) days after receiving the application, the application is considered approved. I.C. 20–8.1–9–7(b).

(10) If an application for book fee assistance is approved, the Trustee is to reimburse the School Corporation for the amount of such assistance. I.C. 20–8.1–9–9.

(11) The Township Trustee has a duty to provide written reasons for denial and notice that the applicant has the right to appeal the Trustee's decision of denial.

(12) As a part of the Financial Eligibility Standards and Procedures of the Trustee beginning in September of 1982, the Trustee required that all applicants for book fee assistance personally appear at his office within seven (7) working days after the Trustee received the approved application from the School Corporation. Hereafter this requirement is referred to as the "Appearance Requirement."

(13) The Trustee summarily denied those applications and applicants without conducting any further investigation into their eligibility if they failed to appear in the time allowed.

(14) The Trustee changed the Appearance Requirement for school years, 1984–85 and 1985–86, so an applicant had twenty-one (21) days to appear, and if the applicant failed to appear, the application was, again, summarily denied.

(15) For the procedures in the 1982–83 school year, the Trustee failed to give proper notice to the School Corporation.

(16) Counsel for the School Corporation and counsel for the Trustee met, discussed and corresponded on procedures for notification of parents of the Trustee's Appearance Requirement.

(17) The "Notice to Parents" is a document given to parents to inform them of the availability of book fee assistance. The School Corporation agreed in 1983, to include in the "Notice to Parents," information regarding the Trustee's Appearance Requirement, while maintaining its position that the same were outside the scope of the statutory authority of the Trustee to implement.

(18) The School Corporation had incorporated in their business briefs for 1983 the Financial Eligibility Standards and Procedures established by the Trustee.

(19) The Financial Eligibility Standards and Procedures established by the Trustee for school years 1983–84 and thereafter have been timely served upon the School Corporation by certified mail.

(20) At the beginning of each semester for the 1982–83 school year and through and including the 1985–86 school year, the School Corporation provided application forms for book fee assistance to parents of children attending schools within the School Corporation, which application forms were prescribed by the Indiana State Board of Accounts.

(21) Many parents residing in Portage Township, completed application forms and submitted them to the School Corporation.

(22) The School Corporation made preliminary determinations under I.C. 20–8.1–9–6(a) on which applicants were eligible for book fee assistance.

(23) In accordance with the Book Fee Statute, the School Corporation did not send book fee bills to the parents residing in Portage Township whose application forms it had approved.

(24) The School Corporation forwarded those applications to the Trustee as required by the Book Fee Statute, so the Trustee could make a final determination on whether those applications were eligible for book fee assistance.

(25) The School Corporation timely provided the approved applications to the Trustee and the Trustee timely provided the School Corporation with the denials, except for the 1982–83 school year.

(26) As a result of the Trustee's implementation of his Appearance Requirement, there was a decrease in the number of applications for book fee assistance approved by the Trustee, and a resulting decrease in the amount of book fee assistance reimbursed to the School Corporation by the Trustee.

(27) The School Corporation unilaterally decided to refuse to follow the Trustee's Financial Eligibility Standards and Procedures for the 1983–84, 1984–85 and 1985–86 school years, maintaining its position that the same were outside the scope of the statutory authority of the Trustee to implement.

(28) Since the implementation of the Appearance Requirement by the Trustee and the School Corporation's resulting refusal to provide notice of the Appearance Requirement, the applications for and amount of book fee assistance granted have dramatically decreased.

(29) The net effect of the decrease in the number of applications made and increase in the number of denials made based on the failure of an applicant to appear, has resulted in a substantial amount of money, i.e. in excess of one hundred thousand dollars ($100,000.00) that remains due and owing for book fee rental.

(30) The School Corporation maintains the Trustee has exceeded his statutory authority by imposing his Appearance Requirement. The School Corporation contends the Trustee has no authority to require applicants for assistance to provide the numerous documents required by the Trustee [3] in that the Book Fee Statute indi-

---

**3.** The trial court made special findings of fact and conclusions of law pursuant to Ind. Rules of Procedure, Trial Rule 52(A). In addition to the facts stipulated by the parties, the trial court found the following:

cates the Trustee is to rule upon the application "without requiring any additional form." I.C. 20–8.1–9–6(a). The School Corporation further contends the Trustee is only authorized to deny an application where the Trustee "determines that the parent's income exceeds the Financial Eligibility Standards." I.C. 20–8.1–9–7(a). The School Corporation agrees the Trustee has authority to investigate applicants for assistance. The School Corporation maintains the Trustee can, in conducting his investigation, examine his own records, the applicant's file, contact other welfare agencies and undertake any other investigation, but is not authorized to impose his Appearance Requirement and deny assistance for failing to comply with that requirement.

(31) The Trustee maintains he has statutory authority to conduct investigations in his capacity as "Overseer of the Poor," pursuant to I.C. 12–2–1–7 & 8, and that the Trustee also, in administering the book fee assistance provisions, is also required, pursuant to I.C. 12–2–1–39, to consider the "Poor Relief Statute" as supplemental and that the "Poor Relief Statute" is to be "Liberally construed to effectuate the general purposes and policies, therein, set forth." Therefore, the Trustee maintains he had the authority to establish the Financial Eligibility Standards and Procedures, including the Appearance Requirement.

(32) Appeals have been taken to the Board of Commissioners of St. Joseph County by many applicants who have been denied book fee assistance by the Trustee for failing to comply with his Appearance Requirement, but the Board of Commissioners has refrained from taking action on the merits of the appeals pending the outcome of this litigation.

(33) The School Corporation has standing to bring this litigation inasmuch as the School Corporation is the entity entitled to reimbursement from the Trustee for book fee assistance provided to school children. I.C. 20–8.1–9–9.

(34) The Trustee failed to notify the School Corporation by July 1, 1982, of the implementation of the Appearance Requirement as a part of the Eligibility Standards and Procedures adopted by the Trustee for applicants for book fee assistance for the school year 1982–83. All denials of applications on the grounds that an applicant failed to meet the Appearance Requirement were, therefore, improper and the same must be considered approved.

(35) Those persons denied assistance for failing to meet the Appearance Requirement, or any other reason, have an opportunity to appeal that denial to the Board of Commissioners, as hereinabove previously mentioned.

(36) The School Corporation may take action pursuant to I.C. 20–8.1–9–10, to collect unpaid book rental fees from parents who

17. That those applicants that did appear at the Trustee's Office were also required to furnish to the Trustee, additional information including:
  (a) Social Security cards for the applicant and spouse.
  (b) Public Welfare Department of St. Joseph County Referrals.
  (c) Layoff slips or wage information.
  (d) Application verification from the Unemployment Office, or verification of Unemployment Compensation Income.
  (e) The name, address, and telephone number of the Landlord, Mortgage Company, or Land Contract seller.
  (f) Marriage License.
  (g) Birth Certificates of all dependent children in the applicant's household.
  (h) Original utility bills.
  (i) Verification of all sources of income, including the last four (4) wage or pay stubs, Workmen's Compensation Income, or application verification for such benefits, income from Social Security, Social Security Supplement or Social Security Disability, Aid to Dependent Children Income, Pension Income, Sick Pay Income, and Insurance Benefits.
  (j) Receipts for income spent in the last thirty (30) days.
  (k) Referrals from other agencies.
  (*l*) Amount of child and/or spousal support income.
  (m) Any checking or savings account, including bank statements for the last quarter.
  (n) Any other information deemed necessary by the Trustee.
18. That in cases of emergency, the Trustee would allow a relative to appear on behalf of the applicant to provide requested information.
19. That all applicants that appeared were interviewed and investigated and were not always required to provide *all* the information listed, hereinabove.
Record at 136–7.

are determined by the Trustee to be ineligible for assistance and may also recover reasonable attorney's fees and court costs.

Record at 444–48.

The trial court's conclusions of law were as follows:

41. That the Trustee has the authority, under the Statutes previously cited, to implement the appearance requirement inasmuch as the Trustee has a duty and responsibility to see that public funds and monies are properly administered.

42. That the Court has concern that the appearance requirement could be used in such a manner as to deny assistance to people actually entitled to relief, but the evidence presented at trial failed to show that the appearance requirement was intended or used, to do anything but assist the Trustee in meeting his perceived duties and responsibilities of determining an applicant's eligibility for assistance.

45. That the Plaintiffs [sic] Complaint for Injunctive Relief seeking to enjoin the Trustee from imposing the appearance requirement ought to be, and is hereby, denied.

46. That the Plaintiff's Complaint for reimbursement of additional book fees ... is denied.

Record at 140, 141.

The School Corporation contends that the trial court's judgment is contrary to law.

T.R. 52(A) provides:

"... On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses...."

Our scope of review also allows us to determine whether the law was correctly applied to the facts. *Laws v. Lee* (1984),

Ind.App., 471 N.E.2d 1229, 1232, *reh. denied.* Here, the Book Fee Statute was correctly applied to the facts.

## I.

### *Authority to Impose Requirements*

IC 20–8.1–9–3 provides:

If a parent of a child or an emancipated minor who is enrolled in a public school, in grades K–12, meets the financial eligibility standard under section 2 ... of this chapter, he may not be required to pay the fees for school books, supplies, or other required class fees. Such fees shall be paid by the school corporation in which the child resides. *Subject to section 7 ... of this chapter*, the trustee of the township in which the child resides shall reimburse the school corporation for fees provided under this chapter. (Emphasis added.)

IC 20–8.1–9–7(a) provides:

The trustee of the township in which the affected child resides shall reimburse the school corporation for the amount of aid authorized by this chapter *unless the trustee determines that the parent's income exceeds the financial eligibility standards.* (Emphasis added.)

In order to determine whether the parent's income exceeds the financial eligibility standards, trustees are given the authority to conduct an independent investigation.[4]

## A.

### *Additional Documents*

◾ The School Corporation contends that while the Trustee had the authority to undertake an independent investigation, he did not have the authority to require an applicant to provide him with the additional documents listed in Footnote 3.

---

**4.** IC 20–8.1–9–6(a) provides, in pertinent part: "... If the school corporation makes a preliminary determination that the parent is eligible for assistance, the parent may not be billed unless the school corporation receives notice from the trustee that he has determined, *after*

*investigation,* that the applicant is ineligible...." (Emphasis added.) IC 20–8.1–9–8 then specifies those instances when a trustee may provide financial assistance without conducting an investigation.

The School Corporation points to IC 20–8.1–9–6(a), which states, in pertinent part: "... For purposes of determining eligibility, a trustee shall use the same application form submitted by the applicant to the school corporation without requiring any additional form...." Thus, the School Corporation contends that to determine a parent's eligibility, the Trustee may conduct an investigation by obtaining information from the local housing authority, the county assessor's office, the state welfare department, various public utilities, the social security division, and his own records—but, that he may not require an applicant to provide him with documents in addition to the initial application form submitted to the School Corporation.

The Trustee contends that in his capacity as Overseer of the Poor,[5] he was authorized to conduct an investigation of a claim for book fee assistance in the same manner he was authorized to conduct an investigation of a claim for poor relief.

We agree with the Trustee. First, we note that no provision of the Book Fee Statute specifies precisely how a trustee is to conduct his investigation.[6] Second, we note that within at least three sections of the Book Fee Statute are cross-references to sections of the Poor Relief Statute.[7] Finally, we note that Section 39 of the Poor Relief Statute states, in pertinent part:

This act shall be considered as being supplemental to other acts relating to the matters covered herein and all such laws including this act [12–2–1–1—12–2–1–39] shall be liberally construed to effectuate the general purposes and policies therein set forth....

Thus, we hold that Section 7 and Section 8 of the Poor Relief Statute give the Trustee the authority to require applicants to provide the additional documents listed in Footnote 3. Section 7 provides:

Whenever a claim for relief shall be made upon an overseer of the poor for the benefit of any persons or families of persons claiming to be poor and in distress, it shall be the duty of the overseer of the poor to carefully investigate the circumstances of such poor persons, so as to ascertain their legal settlement, their physical condition of sickness or health, their present and previous occupation, their ability and capacity for labor, their ages and the names and ages and the ability and capacity for labor of all members of their family, and if they are found to be in distress, the cause of their condition, if it can be ascertained. The overseer of the poor shall also inquire as to the family relationships of poor persons for whose benefit claims for relief are made, and, as far as possible, shall ascertain whether such persons have relatives able and willing to assist them.

Section 8 provides:

Whenever an overseer shall ascertain by investigation that any poor person or persons or family require assistance, he shall furnish to them such temporary aid as may be necessary for the relief of immediate and pressing suffering; before any further final or permanent relief in any case is given, the overseer shall consider whether distress can be relieved by other means than an expenditure of township funds.[8]

5. See IC 1935, 12–2–1–1 et seq. (Burns Code Ed., 1985 Repl.) (Poor Relief Statute). The current version is at Burns Code Ed., Supp.1987.

6. The School Corporation's suggested method of investigation is very similar to the method outlined in IC 20–8.1–9–8. However, that section specifies when a trustee may provide financial assistance *without* investigation.

7. IC 20–8.1–9–9 is cross-referenced to IC 12–2–1–18; IC 20–8.1–9–11 is cross-referenced to IC 12–2; and IC 20–8.1–9–12 is cross-referenced to IC 12–2.

8. The School Corporation has misinterpreted IC 20–8.1–9–6. That section does indeed state that, for purposes of determining eligibility, a trustee shall use the same application form submitted by the applicant to the school corporation without requiring any additional form. However, it does not state that a trustee may not require additional documentation to verify the information provided on the application form. Section 6 only states that a trustee shall not require any additional *application* form.

This holding is supported by strong policy reasons. In this lawsuit alone, there is more than $100,000.00 at stake. It is clear that there is a huge demand for book fee assistance in South Bend. However, it is not so clear—without thorough investigation—that each of the families requesting assistance is qualified to receive it. The School Corporation based its determinations upon information supplied by parents on the application forms. Yet, without verification, the School Corporation cannot know whether such information is true or false or whether certain information is unreported or inaccurate and misleading.

The Trustee has a duty to insure that county funds are expended in an efficient and just manner. Thus, he also has a duty to insure that only qualified persons receive assistance. That duty could not be met if the means of fulfilling it are taken away.

### B.

### *Appearance within 7 to 21 Days*

■ The School Corporation contends that the Trustee did not have the authority to require an applicant to appear in his office within seven (7) days (in 1982–83) or twenty-one (21) days (in 1984–85 and 1985–86) after the Trustee received the approved application from the School Corporation.

IC 20–8.1–9–2(a) provides, in pertinent part:

"... [N]ot later than July 1 of each year, *each township trustee shall* adopt financial eligibility standards and *send by cer-*

*tified mail to all school corporations within the township, a notice of the* financial eligibility standards and *procedures that must be followed by applicants in order for them to qualify for assistance* for the forthcoming school year. ... (Emphasis added.) [9]

Thus, we hold that under the 1985 version of the Book Fee Statute, a trustee has the authority to establish the procedures that must be followed by applicants in order for them to qualify for assistance. We also hold that the Trustee here had the authority to require an applicant to appear in his office within a certain number of days after he had received the approved application from the School Corporation.[10]

### II.

### *Authority to Deny Applications*

■ The School Corporation contends that the Trustee did not possess the authority to deny an application for book fee assistance when an applicant failed to comply with his requirements. Indeed, the School Corporation contends that the Trustee had the authority to deny a claim only when, pursuant to IC 20–8.1–9–7(a), he had actually determined that the parent's income exceeded the financial eligibility standards.

However, the Trustee was working under a deadline of his own. IC 20–8.1–9–7(b) provides:

The trustee shall notify the school corporation of his action within twenty-one (21) days of his receipt of the application.

---

**9.** School corporations are then to inform parents of those procedures. *See* IC 20–8.1–9–5. However, that was not done by the School Corporation here. See Stipulated Facts, Number 27 and 28, above.

Section 2(a) does not expressly state that the *trustee* is to establish the procedures that must be followed by applicants in order to qualify for assistance. ("... [T]rustee shall *adopt* financial eligibility standards...."; "... [T]rustee shall ... *send* by certified mail ... a notice of the ... procedures....") However, in the interpretation of statutes, the main rule should be to use all sources available and relevant to determine how the legislature intended the statute to operate. *Woods v. State* (1957), 236 Ind. 423, 140 N.E.2d 752, 754. The legislative intent as ascer-

tained from the act as a whole will prevail over the strict literal meaning of any word or term used therein. *Combs v. Cook* (1958), 238 Ind. 392, 151 N.E.2d 144, 147.

Thus, it seems reasonable to deduce that the trustee is to establish the procedures for assistance given the trustee's other responsibilities under the Book Fee Statute and because no other provision of the Statute states otherwise.

**10.** Here, the Trustee notified the School Corporation of this requirement. However, the School Corporation failed to notify parents as required by IC 20–8.1–9–5. Thus, the School Corporation's complaint that the Trustee's rule served to decrease the number of approved applications ignores its own role in that decrease.

*If the trustee does not notify the school corporation of his action within that time, the applicant is considered eligible.* (Emphasis added.)

Thus, it was necessary for the Trustee to have the authority to enforce his requirements. Otherwise, if a parent failed to appear or failed to provide him with additional information within twenty-one days, he would be forced to remain idle and, in essence, approve the application. Such an arrangement would not make it possible for the Trustee to insure that county funds are expended in an efficient and just manner or to insure that only qualified persons receive assistance.

### III.

#### *Abuse of Discretion*

■ The School Corporation contends that even if the Trustee had the authority to impose and enforce his requirements, he abused his discretion in imposing and enforcing them here.

In *State ex rel. Van Buskirk v. Wayne Township, Marion County* (1981), Ind. App., 418 N.E.2d 234, we held:

"... In determining whether the eligibility and assistance standards are reasonable, a court must employ the abuse of discretion standard. Only if the standards can be said to be arbitrary and capricious, can a court invalidate them...."

*Id.* at 244.

Here, there was no evidence presented at trial showing that the Trustee's requirements were arbitrary or capricious. However, there was much evidence showing the need for and purposes of the Trustee's requirements.

Affirmed.

GARRARD, P.J., concurs.

SULLIVAN, J., dissents without opinion.