Stephen **SCHRADER, Mill Township Trustee, Appellant (Defendant Below),**

v.

**MISSISSINEWA COMMUNITY SCHOOL CORPORATION, Appellee (Plaintiff Below).**

No. 27A04–8706–CV–174.

Court of Appeals of Indiana, Third District.

April 19, 1988.

David M. Payne, Ryan, Welchons & Payne, Marion, for appellant.

David L. Kiley, Sr., H. Joseph Certain, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellee.

HOFFMAN, Judge.

Defendant-appellant Stephen Schrader in his capacity as the Mill Township Trustee appeals the entry of summary judgment in favor of plaintiff-appellee Mississinewa Community School Corporation (the School) in an action instituted by the School to obtain reimbursement for school fees paid by the School on behalf of children eligible for assistance pursuant to IND.CODE § 20–8.1–9–1 *et seq.* The parties submitted pleadings, motions and affidavits to the trial court. A hearing on the motion for summary judgment was held on March 19, 1987.

The facts reveal that for the relevant time period, 1979 to 1986, the School notified parents of the availability of financial assistance for those who applied and met the adopted financial guidelines. The School then provided books and supplies to students determined eligible. The applications were sent to Schrader for review of eligibility. The School then made a claim to the Trustee's Office for reimbursement of the funds provided to the eligible students.

For the relevant time period Schrader disallowed five of the applications for assistance because of financial ineligibility. Also Schrader refused to reimburse the School for assistance given to children whose parents did not comply with procedures instituted by Schrader. Schrader had adopted a procedure requiring a parent or guardian of the children who had received assistance to visit the Trustee's Office and sign a voucher certifying that the assistance was received. Thus, the School was not reimbursed for assistance paid to children whose parents failed to sign a voucher.

Schrader did not question the financial eligibility of those who failed to sign vouch-

ers and he did not claim that the vouchers were necessary for the Trustee's Office to obtain reimbursement from the State Board of Accounts. Instead, Schrader viewed the School book assistance as relief similar to that provided by grocers for which "vendors" vouchers are required. Schrader recognized that it was not the School's responsibility to secure the signatures on the vouchers.

The Mississinewa Community School Superintendant, Marcus Lane, testified that the State Board of Accounts had informed Lane that the form the School was using, a Form 521, was acceptable to the Board as authorization for payment. Additionally, Lane testified that the School's complaint for the unpaid claims did not include any claims the Trustee had disallowed due to financial ineligibility within the statutory 21–day period.

The trial court granted the School's motion for summary judgment and awarded the School $35,279.74. Schrader appeals from the entry of summary judgment.

On appeal Schrader presents three issues for review. As restated the issues are:

(1) whether the trial court erred in determining that Schrader could not condition reimbursement of the School upon the recipients' signing vouchers certifying that the benefits were received;

(2) whether the trial court erred in determining that the School's complaint was not barred by laches; and

(3) whether the trial court erred in determining that the recipients of the assistance need not be joined in the action as necessary parties pursuant to Ind.Rules of Procedure, Trial Rule 19.

■ Resolution of Schrader's first issue rests upon an interpretation of the school fee assistance statutes. The relevant statutes are IND.CODE § 20–8.1–9–3, IND. CODE § 20–8.1–9–7 and IND.CODE § 20–8.1–9–9. At the time of this action IND.CODE § 20–8.1–9–3 (1983 Supp.) (since amended) stated:

"If a parent of a child or an emancipated minor who is enrolled in a public school, in grades K–12, meets the financial eligibility standard under section 2 of this chapter, he may not be required to pay the fees for school books, supplies or other required class fees. Such fees shall be paid by the school corporation in which the child resides. Subject to section 7 of this chapter, the trustee of the township in which the child resides shall reimburse the school corporation for fees provided under this chapter."

IND.CODE § 20–8.1–9–7 (1984 Supp.) (since repealed) stated:

"(a) The trustee of the township in which the affected child resides shall reimburse the school corporation for the amount of aid authorized by this chapter unless the trustee determines that the parent's income exceeds the financial eligibility standards.

(b) The trustee shall notify the school corporation of his action within twenty-one (21) days of his receipt of the application. If the trustee does not notify the school corporation of his action within that time, the applicant is considered eligible.

(c) The trustee shall reimburse the school corporation according to a timetable which is mutually acceptable to him and to the school corporation, but reimbursement shall be made no later than July 31 following the school year in which the assistance was furnished, or within thirty (30) days of the trustee's receipt of the itemized statement from the school corporation, whichever is later."

IND.CODE § 20–8.1–9–9 (1982) (since repealed) stated in pertinent part:

"If a determination is made that the applicant is eligible for assistance, the trustee shall reimburse the school corporation for the cost of the student's fees, after the trustee has received a statement of the aid furnished. This statement must be made on a form approved by the state board of accounts."

IND.CODE § 20–8.1–9–3 mandated that the school pay the fees for books and supplies for children who were eligible for the

assistance. Together IND.CODE §§ 20–8.-1–9–3 and 20–8.1–9–7 required the trustee of the township to reimburse the school unless the trustee determined that the financial eligibility standards had not been met. To obtain reimbursement the school was required only to provide the trustee with a statement on a form approved by the State Board of Accounts.

In the present case evidence was introduced that Schrader was given a Form 521 by the School when claims were made for reimbursement. Form 521 was the approved form by the State Board of Accounts. Rather than accepting the forms approved by the Board, Schrader imposed a further impediment to the School's reimbursement by requiring the recipients to sign vouchers. Although Schrader premised reimbursement upon the vouchers, he acknowledged that the School could not decline assistance to anyone who was financially eligible. Schrader's actions placed the School in an untenable position.

The record discloses neither action by Schrader to force compliance with his procedures nor an indication that Schrader believed that he could force compliance. Schrader's procedures appeared to be completely voluntary with regard to the recipients. Only the School would suffer if recipients chose not to visit the Trustee's Office and complete the vouchers.

Schrader argues that the vouchers served the dual purposes of discouraging fraud by recipients and assuring that recipients received the assistance to which they were entitled. Schrader contends that the School should not be treated any differently than a vendor who claims to provide utilities or groceries to the recipients.

Key differences between vendors and the School exist. First, the School is under specific statutory compulsion to render the assistance. Second, the recipients of school fee assistance must complete an application which is forwarded to the Trustee's Office by the School. The fact that the children attend school and have supplies demonstrates that those entitled have received the assistance. If the recipients practice some fraud in applying for the assistance, Schrader's voucher system will not minimize or prevent the risk of such actions. Thus, the School should not be treated as a vendor requiring "vendor's vouchers" as an antecedant to reimbursement by the Trustee.

In *Wayne Twnp. v. Ft. Wayne Comm. Schs.* (1978), 177 Ind.App. 271, 379 N.E.2d 497, this Court determined that IND.CODE § 20–8.1–3–28(a) (1971) (providing for temporary relief and since repealed) obligated the trustee to reimburse the school "for the amount of relief extended after receiving an itemized statement of such" assistance. 177 Ind.App. at 273, 379 N.E.2d at 499. Likewise, under the statutory provisions in place at the times relevant to this proceeding, the trustee was obligated to repay the school for the assistance provided after the school provided the trustee with the forms authorized by the State Board of Accounts. Consequently, the trial court did not err in determining that Schrader could not condition payment to the School upon the recipients' signing vouchers certifying that the benefits were received.

■ Next Schrader contends that the summary judgment was improper in this case because a genuine issue of material fact remains as to his affirmative defense of laches. On appeal from a summary judgment this Court must determine whether the pleadings, affidavits and other evidence taken, if any, reveal genuine issues of material fact when viewed in a light most favorable to the non-moving party, and whether the trial court correctly applied the law. *Gibraltar Mut. Ins. Co. v. Hoosier Ins. Co.* (1985), Ind.App., 486 N.E.2d 548, 550. However, the non-moving party may not rest on mere allegations or denials within the pleadings but must set forth by affidavit or otherwise some specific facts demonstrating an issue for trial. *Yoder v. Cromwell State Bank* (1985), Ind. App., 478 N.E.2d 131, 132.

■ Schrader alleges that because he had consistently, over the time period involved, refused to repay the School for assistance to recipients who did not sign vouchers, the School's claim is barred by laches. Laches is an equitable defense to a

claim which contains three aspects: 1) inexcusable delay in asserting a right; 2) implied waiver arising from knowing acquiescence in the existing conditions; and 3) circumstances causing prejudice to the adverse party. *City of Indianapolis v. Sherman* (1980), Ind.App., 409 N.E.2d 1202, 1207. An allegation of delay alone, with no showing of prejudice suffered by the adverse party will not establish the defense of laches. *Sherman, supra.* Thus, Schrader failed in his burden to establish the defense and the trial court did not err in determining that no issue of material fact existed as to the defense.[1]

■ In his final argument Schrader claims that he is not the proper party to the lawsuit by the School. Schrader contends that the School should have sued the recipients who did not sign the vouchers and that in turn the recipients could have joined Schrader on the basis of indemnification. Further, Schrader alleges that the recipients should have been joined in the lawsuit pursuant to Ind.Rules of Procedure, Trial Rule 19 because Schrader faces substantial risk of incurring multiple litigation if the recipients initiate lawsuits. Therefore, according to Schrader, the School has failed to present a claim upon which relief may be granted.

It has been settled that a school may initiate an action against a trustee to recover school fees advanced to those who meet the financial eligibility standards.

See *State ex rel. City of Crawfordsville v. Union Civil Township* (1944), 222 Ind. 267, 53 N.E.2d 159;

*Wayne Twnp v. Ft. Wayne Comm. Schs., supra,* 177 Ind.App. 271, 379 N.E.2d 497.

Additionally, the School in the present case has no basis for a lawsuit against the recipients who were eligible for the assistance. It is only Schrader's refusal to reimburse the School for the assistance that is at issue. Moreover, the recipients received the assistance and have no basis for a lawsuit against Schrader. Their rights are completely unaffected by Schrader's actions in not reimbursing the School. The trial court correctly determined that the School properly stated a claim against Schrader and that the recipients need not be joined as parties.

Accordingly, there being no error the trial court's entry of summary judgment in favor of the School is affirmed.

Affirmed.

CONOVER, J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

The facts of this case should be distinguished from the circumstances before the court recently in *South Bend Community School Corporation v. Portage Twp. of St. Joseph Co.* (1988), Ind.App., 520 N.E.2d 446. Unlike the facts of that case the requirement imposed by the trustee here bore no reasonable relationship to his duty to determine eligibility for assistance. For that reason the requirement of a signed voucher cannot be permitted to stand.

I concur.

---

1. Whether or not the affirmative defense of laches would apply to a governmental agency was neither argued nor decided in the present case.