Criswell v. Whitney.

Filed June 14, 1895.

---

No. 1,701.

## CRISWELL v. WHITNEY.

PRACTICE.—*Overruling Demurrer to Insufficient Paragraph of Complaint.—Harmless Error.*—The overruling of a demurrer to an insufficient paragraph of complaint is harmless error where the record shows that the judgment was based on other paragraphs.

INSURANCE.—*Life.—Assignment of Policy.—Case Adhered To.*—The case of *Union Central Life Insurauce Company* v. *Woods*, as to assignment of policy by the beneficiary, the wife, to secure her husband's debt, adhered to.

SAME.—*Life.—Amount of Policy Paid to Supposed Assignee.—Remedy of Beneficiary.*—Where an insurance company has paid the amount of the policy to a supposed assignee of the policy, but the assignment is voidable for the reason that it was made to secure a debt of the assignor's husband, the wife, the beneficiary, may pursue the insurance company for the amount of the policy, or may compel the supposed assignee to pay the amount over to her.

From the DeKalb Circuit Court.

*T. R. Marshall, W. F. McNagney* and *P. H. Clugston,* for appellant.

*H. G. Zimmerman,* for appellee.

GAVIN, J.—The appellee sued to recover certain insurance money belonging to her, as the owner of a policy on her deceased husband's life, but collected by appellant.

The complaint was in six paragraphs; various answers, including the general denial, were filed. Trial was had and a special finding made by the court, with its conclusions of law thereon, upon which judgment was rendered in appellee's favor.

It is urged that the demurrer to the first paragraph of complaint for want of facts should have been sustained. If this paragraph is properly construed by appellant's counsel, and is bad for want of the averments which they assert to be lacking, the error was harmless, because the judgment is clearly shown by the special finding to rest on other paragraphs. *Doan* v. *Dow*, 8 Ind. App. 324; *Tewksbury* v. *Howard*, 138 Ind. 103; *Hill* v. *Pollard*, 132 Ind. 588; *vide*, also, as bearing on the availability of the alleged error when there is a special finding or verdict, *Woodward* v. *Mitchell*, 140 Ind. 406.

It is also insisted that the demurrer to the third paragraph should have been sustained. Appellee was the beneficiary named in a policy for $1,000, issued by the Union Central Life Insurance Company in 1882. The appellant's claim to the proceeds of the policy seems to have been based on an assignment made by appellee and her husband in 1885, which purports to assign the policy to "the legal representatives" of the husband. Subsequent to the husband's death the appellee signed a statement that appellant owned the policy, waiver of all interest therein and receipt for the money, upon which the company paid the money to appellant. Numerous facts are set out to show that the original assignment was inoperative to divest appellee's right to the fund,

and that the papers signed by her after her husband's death were executed without any consideration and without knowledge by her of their contents, and with the belief that they did not refer to her policy.

But two objections are presented to the pleading. To make the first tenable we are asked to overrule the case of *Union Central Life Ins. Co.* v. *Woods*, 11 Ind. App. 335, so far as it holds that the contract of assignment there under consideration was an Indiana contract. No authority is cited to support this demand, and we do not feel justified in complying with it. On the contrary, we regard the decision of that case upon this point as eminently just and proper.

It is next insisted that, conceding the assignment to have been void, as executed to secure her husband's debt, then the payment by the company did not relieve it from liability to appellee, and she should look to the company and compel it to pay the money a second time. Granting that appellee might pursue the company she is not compelled to; the appellant having received the proceeds of the policy which were really due to her, she may compel him to pay it over to her. By this means the most equitable result is attained.

We are unable to discover in the findings any material departure from the theory of the case as set forth in the complaint, nor do we think they show a gift of the policy from the appellee to her husband.

If the finding fails to speak specifically as to the affirmative matters and facts set up by appellant, then they must be regarded as found against him.

Objection was made to appellee's testifying as to how much she understood a policy to be for, upon the ground that the policy was the best evidence of its own contents. If we correctly interpret the evidence, it was not admitted to prove what the policy actually was, but

simply what she understood it to be. This was for the purpose, as were several other questions going to her intention, of sustaining her theory that she signed the papers believing and intending that something else was covered by them other than her policy now in controversy.

No material error appears in any of the rulings upon the evidence to which objection has been presented.

After quite a careful examination of this record we do not find any just cause for reversal. The case seems in some respects a hard one, since it is evident the appellant has been a large loser by appellee's husband; it is however but one more of the already numerously reported cases where hardship would result however the cause might be determined.

Judgment affirmed.

Filed June 14, 1895.